No. 42,480

E. T. Anderson, *Appellant,* v. A. G. Dunn et al., *Appellees.*

(368 P. 2d 6)

Opinion filed January 20, 1962.

*Russ B. Anderson,* of Emporia, argued the cause and was on the briefs for the appellant.

*Jack C. Lorenz* and *Marlin Brown,* both of Council Grove, argued the cause and were on the briefs for the appellees.

The opinion of the court was delivered by

JACKSON, J.: This is an appeal from an action to recover taxes paid under protest. The only question posed to us is whether a transcript of the testimony taken before the county commissioners sitting as the county board of equalization was admissible in evidence.

The only assignment of error is the overruling of the motion for new trial based upon the exclusion of the above evidence. But perhaps a short account of how the action arose will be helpful.

Plaintiff is the owner of a considerable block of good bluestem pasture and farm land in Morris county. He asserts that in the year 1958, plaintiff's land was assessed for at least 35 percent of its market value while other land in the same taxing district was assessed at not more than from 15 to 25 percent of its market value.

Plaintiff first took this matter before the county commissioners sitting as the board of equalization, as outlined above, sometime after May 1, 1958. Before December 20, 1958, plaintiff paid the first half of his 1958 tax and protested the sum of $414.13 which he claimed to be the amount of over-assessment. Within proper time under G. S. 1949, 79-2005, the plaintiff filed his application before the State Board of Tax Appeals asking for a refund of the protested taxes. This the state board refused to do on June 11, 1959, whereupon plaintiff still following section 79-2005, paid the last half of his taxes for 1958 under like protest and on July 2, 1959, filed the action

from which this appeal is taken. Plaintiff sought to recover the alleged over-assessment both as to the first half and last half of the 1958 tax.

During the hearing of the case, the plaintiff offered a transcript of the evidence taken by a reporter employed by plaintiff at the hearing before the county board of equalization. This transcript contained the testimony of several witnesses who testified as tax experts.

In arguing the question as to the admissibility of the transcript in evidence, plaintiff seems to assume that this is a review of or an appeal from the hearing of the county board and cites the cases *Brinkley v. Hassig*, 130 Kan. 874, 289 Pac. 64; *Capland v. Board of Dental Examiners*, 149 Kan. 352, 87 P. 2d 597; and *Marks v. Frantz*, 183 Kan. 47, 325 P. 2d 368. All of these cases involve suits to enjoin a particular board of the healing art which had granted and had or was threatening to revoke plaintiff's license in the particular art after a hearing before the board. Of course, the proceedings before the board in those cases were pertinent and important to the question of whether the plaintiff's license could be or had been lawfully revoked.

The action at bar is not one to question the proceedings of the county board, but an independent action to recover taxes paid under protest. This action is not even one to review the proceedings of the State Board of Tax Appeals. (*Union Pacific Railroad Co. v. Sloan*, 188 Kan. 231, 361 P. 2d 889; *City of Kansas City v. Jones & Laughlin Steel Corp.*, 187 Kan. 701, 360 P. 2d 29.)

This is an independent action in which plaintiff had the burden of introducing evidence that his property had been over assessed and that he was justified in protesting his tax.

Plaintiff has made no attempt to offer the transcript herein involved as a transcript G. S. 1949, 20-910 (a) or as a deposition G. S. 1949, 60-2838, *et seq.*, nor did plaintiff claim that he could not produce the tax experts in person.

We fail to see any error upon the part of the trial judge in refusing to allow the admission in evidence of the transcript. The orders appealed from must be affirmed. It is so ordered.