No. 44,775

CITIES SERVICE OIL COMPANY and FOSTER PETROLEUM CORPORATION, *Appellants*, v. JAMES KRONEWITTER, County Treasurer of Ellis County, Kansas, et al. (Defendants); THE STATE BOARD OF TAX APPEALS, et al., *Appellees*.

(428 P. 2d 804)

Opinion filed June 10, 1967.

*Graydon D. Luthey*, of Bartlesville, Okla., argued the cause, and *Norman W. Jeter*, of Hays, and *Cecil C. Cammack, R. O. Mason*, and *Thomas B. Preston*, all of Bartlesville, Okla., were with him on the brief for the appellants.

*John C. Woelk*, of Russell, argued the cause, and *George D. Wagstaff*, of Topeka, and *Rex L. Culley*, of Russell, were with him on the brief for the appellee state board of tax appeals and state board of equalization.

*Donald C. Staab*, county attorney, and *Robert F. Glassman*, of Hays, were on the brief for appellees Ray J. Hammerschmidt, ex officio county assessor and the clerk of the county board of equalization, and the county board of equalization.

The opinion of the court was delivered by

HARMAN, C.: This appeal raises the propriety of making certain officials parties defendant in an action pursuant to K. S. A. 79-2005 for refund of ad valorem taxes paid under protest.

Appellant oil companies owned eleven oil and gas leaseholds in Ellis county, Kansas, which properties for the tax year of 1965 were

assessed as of January 1, 1965, by the county clerk of Ellis county as ex officio assessor at the total sum of $945,455.00. Being dissatisfied with these assessments, appellants appealed to the Ellis county board of equalization which sustained the assessments made by the county assessor. Appellants then appealed the assessment orders to the state board of equalization, which on August 10, 1965, entered its orders fixing its assessments. The state board reduced the total assessments of appellants' properties to $724,300.00. The county treasurer of Ellis county applied the tax levies to these latter assessments and furnished to appellants statements of taxes due. Appellants paid these taxes to the county treasurer of Ellis county on December 8, 1965, under protest, duly filing at the same time their written notices of protest as required by K. S. A. 79-2005, stating the amount of taxation asserted to be excessive by reason of excessive valuation of the properties.

On December 27, 1965, appellants commenced this action by the filing of their petition in the district court of Ellis county, naming as defendants the following:

"JAMES KRONEWITTER, County Treasurer of Ellis County, Kansas; RAY J. HAMMERSCHMIDT, County Clerk and ex officio County Assessor of Ellis County, Kansas, and Clerk of the County Board of Equalization, Ellis County, Kansas; THE BOARD OF COUNTY COMMISSIONERS OF ELLIS COUNTY, KANSAS; THE BOARD OF EQUALIZATION OF ELLIS COUNTY, KANSAS: CARL DEUTSCHER, DOUGLAS PHILIP, and W J. BRAUN, County Commissioners of Ellis County, Kansas and Members of the County Board of Equalization of Ellis County, Kansas; THE STATE BOARD OF TAX APPEALS OF THE STATE OF KANSAS; THE STATE BOARD OF EQUALIZATION OF THE STATE OF KANSAS; and SAM BROOKOVER, HERBERT H. SIZEMORE, and HAROLD GRAUERHOLTZ, Members of the State Board of Tax Appeals of the State of Kansas and Members of the State Board of Equalization of the State of Kansas."

All defendants filed their motions to dismiss upon various grounds with the result the trial court on May 6, 1966, dismissed the action as to all defendants except the county treasurer, the county clerk and the board of county commissioners of Ellis county. We are advised that as to these defendants, who have not cross-appealed, this action is still pending in the trial court.

Appellants have appealed from the order dismissing the other defendants named in their petition, appellees herein.

We note first the petition. Due to its length it will not be reproduced. Suffice it to say, it recited the history of the assessment and taxing process of the properties as already stated and appellants' contentions with respect thereto, the valuations asserted by ap-

pellants with the basis for the same, payment under protest by appellants of the taxes levied for the year 1965, and the amount of such taxes asserted to be excessive by reason of excessive and discriminatory valuation by the assessing officials. It recited that the average ratio of taxable assessments to true 100% or justifiable value of all other real and personal property in Ellis county for the past twelve years has been 17%; that such average ratio of all other property in Ellis county for 1964 was 13%, and that appellants' eleven properties were assessed at varying percentages far in excess of those for other properties.

The prayer of the petition contained the following:

WHEREFORE AND BY REASON OF THE FOREGOING, these Plaintiffs pray that the Orders of the Board of Tax Appeals sitting as the State Board of Equalization described above be modified to reflect the values of Plaintiffs' properties as hereinbefore described, and that the lawful levies of Ellis County be applied thereto, and further, that the assessment rolls of Ellis County, Kansas, showing taxes due from the Plaintiffs on the above described properties be modified pursuant to Order of the Court to reflect the amount due for the year 1965 as follows: (eleven descriptions and amounts) and the Court enter an Order directing the County Treasurer to refund to the Plaintiffs taxes unlawfully collected in the amounts as follows with interest: (eleven descriptions and amounts) for a total refund amount of $19,129.79 with interest; that the Court grant such other and further relief as is just and lawful. . . ."

The basis for the trial court's ruling in dismissing the defendants who are appellees herein was that the action was one to recover taxes paid under protest and that the only "essential" defendants were those county officers who were retained.

By way of preliminary, it may be noted our present code of civil procedure continues to recognize, either expressly or impliedly, the descriptive labels of parties, with which we were familiar under our former practice, as proper, necessary or indispensable.

Generally speaking, proper parties are those without whom the cause might proceed but whose presence will allow a judgment more clearly to settle the controversy among the parties. (*Pfannenstiel v. Central Kansas Power Co.*, 186 Kan. 628, 352 P. 2d 51). Necessary parties are those who must be included in an action either as plaintiffs or defendants unless there is a valid excuse for their nonjoinder. Indispensable parties are those who must be included in an action before it may properly go forward. The latter two concepts are alike in the respect that both terms denote parties who *should* be joined in the action although the degree of obligation

represented by the word "should" varies (see James' Civil Proce-
dure, §§ 9.14-9.15).

Our code does prescribe a rule defining a proper party plaintiff
but, with exceptions not here material, it makes no attempt to define
who is a proper party defendant. K. S. A. 60-220 (a) does place
limitations upon the now permissive joinder of parties defendant
but this rule is procedural in nature and furnishes no substantive
law for determining who is a proper party defendant. Where
coercive relief is sought, the question of who is a proper party
defendant is usually a question of who is liable under substantive
law (James' Civil Procedure, § 9.10).

Appellants rely primarily, for their joinder of appellees and their
contention the trial court erred in dismissing as to them, on certain
language found in two of our decisions: *Sinclair Pipe Line Co. v.
State Commission of Revenue & Taxation,* 181 Kan. 310, 311 P. 2d
342; and *Builders, Inc. v. Board of County Commissioners,* 191 Kan.
379, 381 P. 2d 527.

*Sinclair Pipe Line,* decided May 11, 1957, was an action filed in
Montgomery county district court by a public utility to recover
taxes for the year 1955 paid under protest. The impounding offi-
cer—the county treasurer of Montgomery county—as well as certain
local taxing units were made parties defendant. Also joined as
parties defendant were the state commission of revenue and taxation
and the individuals composing it. These defendants made no
challenge to jurisdiction based on the contention they were not
proper parties to the action. The venue of the Montgomery county
court was challenged on the theory the action should have been
brought in Shawnee county. In ruling that venue lay in Montgom-
ery county this court stated that the state commission of revenue
and taxation—up to 1957 the predecessor of our present state board
of tax appeals—was a proper party to the action. Aside from the
fact this language in *Sinclair,* relied upon by appellants in the instant
case, was not necessary to the decision there made, we think the
case is distinguishable from the case at bar both on the facts and
the law then prevailing. In *Sinclair* the property, being that of a
public utility, was assessed by the state commission of revenue and
taxation and no county official had any function with respect to it.
Moreover, at the next general legislative session after this decision
the following provision, which now appears as a part of K. S. A.
74-2433, was enacted:

"The state board of tax appeals shall have no capacity or power to sue or be sued." (Laws, 1959, Chap. 317, § 2.)

We note also the provision of K. S. A. 79-1411a which was not in effect at the time the taxpayer in *Sinclair* paid its protested taxes, as follows:

"Beginning with the year 1956 the county is hereby declared to be the governmental unit charged with the primary responsibility for the administration of all laws relating to the assessment, review, equalization, extension and collection of real and personal property taxes, except as hereinafter provided."

For these reasons we doubt that *Sinclair* may be regarded as authority for appellant's position.

The *Sinclair* decision did point out that taxing units are proper parties to an action to recover taxes paid under protest for the reason that, being beneficially interested in taxes and therefore interested in showing them to be valid, it would not be improper to make them parties so as to give them notice and an opportunity to defend their interests if they desire to do so.

*Builders, Inc.* was an *injunction* action filed in Sedgwick county district court to enjoin the collection of certain ad valorem taxes upon Sedgwick county real estate for the year 1961 based upon assessments for that year. Named as defendants were the board of county commissioners of Sedgwick county as well as other county officials and the state board of equalization and its members. The assessment had been appealed to the latter. At trial at the conclusion of plaintiff's evidence the trial court dismissed the state board of equalization and its members from the action. The action proceeded as to the other defendants; judgment was rendered against them and they appealed to this court. No cross-appeal was taken from the order dismissing the state board of equalization. This court defined the issue in the case thus:

"The controlling question is whether the trial court had jurisdiction to enter its judgment [against the remaining defendants] after it dismissed the State Board of Equalization. . . ." (p. 380.)

The propriety of making the state board of equalization a party defendant was never an issue in *Builders, Inc.* and appellants here can scarcely take comfort from it. To the contrary, the case pointed out that by virtue of certain statutes (now K. S. A. 74-2439 and 79-1409) the state board of tax appeals and the state board of equalization are one and the same, and it further stated that ". . . the legislature specifically prohibited an appeal from the decision of

the State Board of Equalization by the following proviso in G. S. 1961 Supp. (now K. S. A.) 74-2426:

". . . *Provided*, That no such appeal may be taken to the district court from any order determining, approving, modifying or equalizing the assessment of property for property tax purposes. . . ." (pp. 384-385.)

If appellants are attempting to appeal from the decision of the state board of equalization, which appellees argue is really the case, *Builders, Inc.* does not support appellants but in fact is against them.

Appellants argue this action is something more than an action for refund of taxes, saying it is also a suit for modification of an order of the state board of tax appeals sitting as the state board of equalization as shown by the prayer in their petition. They maintain in their brief:

"Some action must be taken to modify the Orders of the State Board of Equalization, otherwise, the proper levy may not be applied to a reduced assessment when there is an outstanding assessment by the State Board of Equalization should the Appellants prevail in the trial of this matter."

We cannot accept the argument. We agree with the trial court's conclusion the action was simply one for recovery of protested taxes.

The scope of such action was commented upon in *Anderson v. Dunn*, 189 Kan. 227, 368 P. 2d 6. There the plaintiff had appealed his assessment to the county board of equalization. Being unsuccessful, he paid his taxes under protest. He then took the alternative route, as he was authorized to do under then G. S. 1949, (now K. S. A.) 79-2005, of making application for redress to the state board of tax appeals. Unsuccessful again, he filed suit for recovery of the protested taxes. This court stated:

"The action at bar is not one to question the proceedings of the county board, but an independent action to recover taxes paid under protest. This action is not even one to review the proceedings of the State Board of Tax Appeals. (citations.)

"This is an independent action in which plaintiff had the burden of introducing evidence that his property had been over assessed and that he was justified in protesting his tax." (p. 228.)

The statute authorizing the action to recover protested taxes makes no provision for including assessing officials as defendants, and we know of no reason for holding they should be included. As such officials, appellees are not taxing units; they do not have or claim any beneficial interest in the taxes sought to be recovered. They do not have possession of such taxes nor do they have any right to dispose of them. They have no duty or function to perform

relative to the refund of appellants' taxes. Any refund to be made will be by the impounding official—the county treasurer of Ellis county who is still a defendant in the case—on the basis of the trial court's decision. If found entitled thereto, complete relief can be afforded appellants without the presence or any action on the part of appellees. Appellants are not in anywise prejudiced by the absence of appellees as their claim may be fully adjudicated on its merits. The assessment in question is made on an annual basis and is not on a continuing basis. The trial court would have no power to act beyond the 1965 taxes and no authority beyond ordering refund of such taxes found excessive (see *Shriver v. Board of County Commissioners,* 189 Kan. 548, 370 P. 2d 124).

We hold that public officials who determine or review valuation and assessment of property for taxation purposes do not thereby become indispensable, necessary or proper parties defendant in an action to recover taxes paid under protest pursuant to K. S. A. 79-2005.

The judgment is affirmed.

APPROVED BY THE COURT.