No. 46,170

PANHANDLE EASTERN PIPE LINE COMPANY, a Corporation, *Appellant*, v. PAULINE HERREN, County Treasurer of Reno County, Kansas; THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF RENO, STATE OF KANSAS; MARK YOUNGERS, County Clerk of Reno County, Kansas; RONALD F. DWYER, Director of Property Valuation of the State of Kansas; STATE BOARD OF TAX APPEALS OF KANSAS AND STATE BOARD OF EQUALIZATION OF KANSAS; and CHARLES B. JOSEPH, RALPH McCARTY, EUGENE E. LEE and WILLIAM D. ANDERSON, JR., the members of the State Board of Tax Appeals of Kansas and the State Board of Equalization of Kansas; and JOHN E. ROYSTON, Attorney and Secretary of the State Board of Tax Appeals of Kansas and the State Board of Equalization of Kansas, *Appellees*.

(485 P. 2d 156)

Opinion filed May 15, 1971.

*John S. Seeber,* of the firm of Adams, Jones, Robinson & Manka, of Wichita, argued the cause and *C. A. Conoley,* of Kansas City, Missouri, was with him on the brief for the appellant.

*Matthew J. Dowd,* Assistant Attorney General, argued the cause and *Kent Frizzell,* Attorney General, *Raymond F. Berkley,* County Attorney, *Clarence J. Malone,* Chief Attorney Property Valuation Department, and *John L. Bingham,* Attorney Property Valuation Department, were with him on the brief for the appellees.

The opinion of the court was delivered by

FROMME, J.: This is an appeal from an order of the district court of Reno county dismissing plaintiff's action under the doctrine of *forum non conveniens.*

The doctrine of *forum non conveniens* was recognized by this court in *State of Oklahoma, ex rel., v. H. D. Lee Co.,* 174 Kan. 114, 118, 254 P. 2d 291. The use of the doctrine was approved by this court in *Gonzales, Administrator v. Atchison, T. & S. F. Rly. Co.,* 189 Kan. 689, 371 P. 2d 193.

In a general way it may be said the application of the doctrine is discretionary with a court when the plaintiff has a choice of forums and when the first forum chosen by the plaintiff is seriously inappropriate for the trial of plaintiff's claim. In such case the court may decline to assume jurisdiction of the claim and the plaintiff must then proceed with its claim in the more convenient court. However, it is noted that the availability of the alternative forum or court in which to prosecute the claim is a prerequisite to the application of the doctrine.

In 20 Am. Jur. 2d, Courts § 174 it is stated:

"The doctrine of forum non conveniens can be properly applied only where the plaintiff could have brought the action before a court other than the court in which he did bring it, and may bring it before such other court after refusal of exercise of jurisdiction by the court in which he first brought it, in other words, had and still has an alternate forum. Accordingly the doctrine will not be applied where the plaintiff's cause of action could be barred by the statute of limitations prevailing in the jurisdiction of the other court."

The discretionary power to decline jurisdiction should be exercised only under exceptional circumstances. Generally it is for a plaintiff to choose the place of trial. The doctrine presupposes the continued existence of a more convenient forum. Before the doctrine can be applied there should be an adequate showing that the exercise of jurisdiction would be seriously inappropriate. Two matters are considered of paramount importance, (1) plaintiff's choice of forum should not be disturbed except for weighty reasons in the interest of justice, and (2) the action should not be dismissed unless a more convenient forum is available to the plaintiff after its claim is dismissed. (*Gonzales, Administrator v. Atchison, T. & S. F. Rly. Co.,* supra.)

In the present case plaintiff filed its claim in the district court of Reno county. The action was brought to recover taxes paid under protest to the county treasurer of that county. This is a statutory action authorized by K. S. A. 79-2005.

The action accrued when plaintiff paid the first half of its 1969 *ad valorem* taxes to the Reno county treasurer. Plaintiff paid a total of $181,517.29 in taxes. $77,178.24 of this total was paid under protest as being illegally assessed. The claim made is that the illegal portion of the tax is based upon an assessed valuation in excess of what is reasonable and lawful. The action authorized by K. S. A. 79-2005 must be commenced within thirty days after filing the protest and paying the tax. The amount of the tax pro-

tested is impounded by the county treasurer in a separate fund to await the outcome of the action.

When plaintiff's action in Reno county was dismissed by the district court another proceeding was pending in the district court of Johnson county. A history of the origin and nature of that proceeding is necessary.

Plaintiff is a pipeline company owning property in various states. Its pipeline and related facilities traverse 26 counties in Kansas, including both Reno and Johnson counties. Its tangible property in Kansas is valued and assessed by the state director of property valuation. When finally determined the total assessed valuation of the property is allocated by the director to each of the 26 Kansas counties through which the pipeline runs. The 1969 assessment order of the director was first appealed to the board of tax appeals. It was affirmed by the board in August 1969. Thereafter the plaintiff appealed from this order to the district court of Johnson county. The authority for such an appeal appears in K. S. A. 1970 Supp. 74-2426. The purpose of such an appeal is to determine the reasonableness and lawfulness of the order fixing the assessed valuation of all of plaintiff's tangible pipeline properties in Kansas. Such an appeal is concerned with the valuation of plaintiff's property in all 26 counties. This appeal was pending in Johnson county when it came time for plaintiff to pay the first half of its 1969 taxes.

As previously indicated plaintiff then paid the first half of its 1969 taxes in Reno county under protest and filed the present action under K. S. A. 79-2005. Various pleadings were filed. An answer to plaintiff's claim was filed by all defendants named in the caption of the case. Certain defendants moved to dismiss the action on the ground they were not indispensable, necessary or proper parties. The state board of tax appeals moved to dismiss on the ground it had no capacity to sue or be sued under K. S. A. 74-2433.

In addition to the foregoing, a motion was filed by the director of property valuation to dismiss the action claiming that plaintiff was required to proceed in the Johnson county district court where the appeal proceedings were pending.

With the case in this posture the latter motion was presented to the Reno county district court on oral arguments and written briefs. It was argued that exclusive jurisdiction was lodged in the court in Johnson county, that the assessment being attacked was a statewide

assessment involving taxes in 26 counties, and that complete relief could only be had in Johnson county.

In dismissing the Reno county action the court said:

". . . It is my opinion that the Johnson County District Court can decide the issues involved in this suit and would be the proper forum under the doctrine of forum non conveniens."

The court considered the other motions which had been filed as moot when the case was dismissed.

We are of the opinion the court erred in dismissing the action in Reno county. The action afforded by K. S. A. 79-2005 is entirely distinct and different from that afforded by K. S. A. 1970 Supp. 74-2426. It cannot be said that plaintiff had a choice of forums in which to recover its taxes paid under protest and held by the county treasurer of Reno county.

In *Sinclair Pipe Line Co. v. State Commission of Revenue & Taxation*, 181 Kansas 310, 311 P. 2d 342, it was held a state assessed utility (a pipe line company) could maintain an action to recover illegal taxes assessed against its property under 79-2005 and that such action was properly filed in the district court of the county in which the taxes were paid under protest.

In commenting on the nature of the action provided by 79-2005 this court, in *Anderson v. Dunn*, 189 Kan. 227, 368 P. 2d 6, said:

"The action at bar is not one to question the proceedings of the county board, but an independent action to recover taxes paid under protest. This action is not even one to review the proceedings of the State Board of Tax Appeals. [Citing cases.]

"This is an independent action in which plaintiff had the burden of introducing evidence that his property had been over assessed and that he was justified in protesting his tax." (p. 228.)

The remedy provided for paying taxes under protest (K. S. A. 79-2005) is not an exclusive remedy. It remains available when other proceedings are pending between the parties, or when other proceedings are possible.

In *A. T. & S. F. Hospital Ass'n v. State Commission of Revenue & Taxation*, 173 Kan. 312, 246 P. 2d 299, relief in mandamus was granted and the action was returned to the lower court for further proceedings to determine the sufficiency of the tax protest.

An action to enjoin the collection of an illegal tax under K. S. A. 60-907 and an action to recover taxes paid under protest (K. S. A. 79-2005) can be pending in the same court. The pendency of the injunction action does not preclude a recovery of illegal taxes paid

under protest. (See *Anderson v. Dunn,* 180 Kan. 811, 308 P. 2d 154.)

Further we are of the opinion that the necessary and proper parties defendant in these two proceedings are not the same.

A protest action under K. S. A. 79-2005 by its very nature is directed to the local taxing officials in the county where the taxes are protested and paid, rather than to officials of other counties or of the state; therefore, the failure of assessing officials in other counties to comply with assessment laws, or the failure of the director of property valuation to carry out his statutory responsibility of insuring that assessments be uniform and equal among the various counties throughout the state, cannot furnish the basis for granting relief in a tax protest action. (*McManaman v. Board of County Commissioners,* 205 Kan. 118, Syl. ¶ 6, 468 P. 2d 243.)

Public officials who determine or review valuation and assessment of property for taxation purposes do not thereby become indispensable, necessary or proper parties defendant in an action to recover taxes paid under protest pursuant to K. S. A. 79-2005. (*Cities Service Oil Co. v. Kronewitter,* 199 Kan. 228, Syl. ¶ 3, 428 P. 2d 804.) The state director of property valuation is not a necessary or indispensable party in an action brought under K. S. A. 79-2005 to recover taxes paid under protest because of alleged improper assessment. (*McManaman v. Board of County Commissioners,* supra, Syl. ¶ 5.) By statute the state board of tax appeals has no capacity or power to sue or be sued. (K. S. A. 1970 Supp. 74-2433; see also *Cities Service Oil Co. v. Kronewitter,* supra, pp. 231, 232.)

By way of contrast, the proceeding in Johnson county was an appeal from an order entered by the director of property valuation, approved by the board of tax appeals, and the appeal was authorized by K. S. A. 1970 Supp. 74-2426. Venue of this appeal is laid in any county in which any portion of the property is located. It is concerned with the reasonableness and lawfulness of the order of the director. The director of property valuation is a necessary party defendant to the proceedings and the clerk of the district court is required by the statute to issue summons to be served on the director. On the other hand the county treasurer and local taxing officials of Reno county were not proper parties and were not joined in the Johnson county proceeding.

What has been said indicates that the Reno county district court is the appropriate forum for plaintiff to proceed with its action to

recover taxes paid under protest to the county treasurer of Reno county. The appeal proceedings which were pending in the Johnson county district court were not appropriate for the purpose and the Johnson county district court was not an alternative forum in which plaintiff might obtain the relief contemplated by K. S. A. 79-2005.

The action in Johnson county has since been tried. The order of the board of tax appeals was affirmed. On appeal to this court the judgment of the district court of Johnson county has been affirmed. (See *Panhandle Eastern Pipe Line Co. v. Dwyer*, 207 Kan. 417, 485 P. 2d 149.)

As a result of the final disposition of the Johnson county case many, if not all, of the general issues which form a basis for plaintiff's tax protest action in Reno county have been determined.

However, because of what has been said in the opinion the order dismissing plaintiff's claim in Reno county was in error. The effect of the judgment in Johnson county depends upon the nature and extent of the issues determined by that court. These are matters to be pleaded and proven in defense of the action in Reno county.

The burden of the Reno county action remains with the plaintiff. In order to recover the taxes paid under protest it must prove that its property, in comparison to the other property in Reno county, was unreasonably, arbitrarily, capriciously or unlawfully assessed and taxed. This may prove to be a heavy burden in view of the Johnson county decision. However, it is entitled to proceed with the action in Reno county.

The judgment is reversed and the case is remanded with directions to proceed with the action in accordance with the views expressed herein.