**NORTHERN NATURAL GAS COMPANY, a corporation, Plaintiffs,**

v.

**Dorothy WILSON et al., Defendants.**

**Civ. A. No. W–4641.**

United States District Court,
D. Kansas.

Sept. 10, 1971.

Mark H. Adams, II, William S. Richardson, Floyd E. Jensen, of Adams Jones Robinson & Manka, Wichita, Kan., F. Vinson Roach, Frank J. Duffy, Omaha, Neb., for plaintiffs.

Vern Miller, Atty. Gen., Matthew J. Dowd, Asst. Atty. Gen., Topeka, Kan., Ron Svaty, Ellsworth County Atty., Ellsworth, Kan., for defendants.

Clarence J. Malone, Chief Atty., Property Valuation Dept., State of Kansas, Topeka, Kan., for defendant, Ron Dwyer.

Before HILL, Circuit Judge, and BROWN and THEIS, District Judges.

OPINION OF THE COURT

PER CURIAM:

Plaintiff commenced this action to obtain federal declaratory and injunctive relief from the collection of the last one-half of 1970 Kansas ad valorem taxes due June 20, 1971, and for the return of sums previously paid under tax protest for tax year 1969 and the first one-half of 1970. A three-judge court was impaneled pursuant to 28 U.S.C. § 2284 upon the order of Chief Judge Lewis, Tenth Circuit Court of Appeals. The plaintiff's attempt to tender and pay into this Court the sum of $1,800,609.58, which allegedly is the total sum owing under present assessments for the last one-half of the 1970 tax, was rejected by the impaneled court. Northern Natural Gas Company (hereinafter referred to as "Northern") admits in its complaint that $811,149.07 was legally assessed and is owing to the defendant county treasurers, but contends that $989,460.51 of the last one-half of the 1970 tax is "grossly excessive, illegal, arbitrary, capricious, discriminatory, unreasonable and void," and constitutes an invidious discrimination against plaintiff to the exclusion of other taxpayers. Delinquent personal property tax warrants were issued by some of the various Kansas counties to whom the taxes are payable for levying against plaintiff's property found in said counties subsequent to the filing of this action and after the amount was not paid prior to the due date of June 20, 1971. This Court entered a temporary restraining order prohibiting the execution of such warrants until this action is resolved.

Plaintiff owns and operates an interstate natural gas pipeline system, a portion of which traverses various counties in the State of Kansas, and which is regulated by the Federal Power Commission and the Kansas Corporation Commission. Plaintiff alleges that properties located in the various counties of Kansas are valued and assessed for Kansas ad valorem tax purposes on a statewide, rather than a county or local, basis

by the Director of Property Valuation of Kansas. There is only one assessed value for plaintiff's property in this state upon which all of the ad valorem taxes owed to Kansas are determined and upon which an apportionment is made to each of the counties by said Director. Plaintiff paid the ad valorem taxes assessed for 1969 and the first one-half of 1970 under the tax protest statute (K.S. A. § 79–2005) and timely commenced some ninety-five actions for refund with the State Board of Tax Appeals to determine the validity of the valuations and assessments for those tax years. After adverse decisions were rendered therein, plaintiff timely appealed the 1969 order to a state district court and thereafter to the Kansas Supreme Court. Two appeals were taken from the 1970 orders to the state district courts. All of these appeal actions are presently pending. Plaintiff's legal recourse where protested taxes have been paid has been followed for these two years, pursuant to K.S.A. § 79–2005 and § 74–2426.

Plaintiff does not question in this action the constitutionality of the amendment passed by the Kansas Legislature to K.S.A. § 79–2005, which changed the procedure and method of holding and refunding protested tax payments. Plaintiff has another case pending before this Court wherein the issue is raised concerning the applicability and constitutionality of K.S.A. § 79–2005, as amended by the 1971 Kansas Legislature. Natural Gas Pipeline Co. of America, et al. v. Sergeant, et al, D.C., 337 F.Supp. 88, filed April 2, 1971.

In the case at bar, Northern contends that irreparable harm has been suffered in that no plain, speedy and efficient remedy exists in the courts of Kansas by which it might secure refund of the protested taxes already paid for the year 1969 and the first one-half of 1970, or for paying under protest and securing refund of the illegal and invalid portions of the last one-half of the 1970 tax. Northern alleges that K.S.A. § 79–2005 is the exclusive remedy for obtaining a refund of taxes paid under protest; that sufficient interest is not paid on the protested taxes during the period of determining the validity of the tax; that any remedy granted by the Kansas Legislature to recover illegally statewide assessed taxes is uncertain and inadequate because of present Kansas decisions; that K.S.A. § 74–2426 does not authorize the refund of illegally collected taxes and is not an appropriate remedy by which to recover taxes paid under protest; and that no method exists whereby all amounts paid under tax protest can be recovered once said amounts are paid pending proceedings as to the validity of the tax.

Plaintiff has prayed for mandatory injunctive relief directing the county treasurers to return sums paid to them under protest and declaratory relief holding the interest penalty provisions of K.S.A. §§ 79–2004, 79–2004b to be invalid and void as to taxes owed by Northern for the last one-half of 1970. Northern further prayed for this Court to enter a declaratory judgment determining that the property valuation and assessment of plaintiff's property for the 1969 and 1970 tax years to be illegal, invalid, null and void, as violating the United States Constitution (Article I, Section 8; Article VI; Fourteenth Amendment) and the Kansas Constitution (Article II, Section 1).

The defendants have filed a motion to dismiss for lack of jurisdiction. Although a number of briefs have been filed by the numerous defendants, all defendants contend that plaintiff has failed to establish the insufficiency of the legal remedy existing in the Kansas courts, and that this action should be dismissed pursuant to 28 U.S.C. § 1341. Various other grounds have been urged by defendants, including the abstention doctrine, as a basis for dismissal. We do not believe this is a case of abstention based on comity. Rather, it is a case involving a statutory prohibition against federal court action.

28 U.S.C. § 1341 provides as follows:

"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

The United States Supreme Court has held that where an adequate remedy exists in the state courts to afford aggrieved taxpayers redress as to state taxes, such remedy must be followed. Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 298–299, 63 S.Ct. 1070, 87 L.Ed. 1407 (1942).

Thus, the issue presented is whether or not a plain, speedy and efficient remedy exists in the Kansas courts for an aggrieved party to present his protests to assessed state taxes and litigate their validity. Such remedy does exist in Kansas and because plaintiff has failed to utilize and exhaust such remedy, this action must be dismissed.

The Kansas Legislature has provided a remedy whereby a taxpayer may protest assessed taxes by paying the protested tax to the appropriate county treasurer and filing his protest. Also, the taxpayer must, within thirty days after filing said protest, *either* commence an action for the recovery of the protested tax in some court of competent jurisdiction, *or* file application with the State Board of Tax Appeals for a hearing on the validity of the protest. K.S.A. § 79–2005. A state assessed utility can maintain an action to recover illegal taxes assessed against its property under § 79–2005, and such action is properly filed in the district court of the county in which the taxes were paid under protest. Sinclair Pipe Line Co. v. State Commission of Revenue & Taxation, 181 Kan. 310, 311 P.2d 342 (1957). Any adverse decision rendered in the state district court is appealable to the Kansas Supreme Court. K.S.A. § 60–2101 et seq. In the event the action is filed by the taxpayer with the State Board of Tax Appeals, K.S.A. § 74–2426 governs. When a taxpayer contests the validity of the tax assessment, he must first present his claims to the State Board of Tax Appeals after complying with the general requirements of K.S.A. § 79–2005. McManaman v. Board of County Commissioners, 205 Kan. 118, 468 P.2d 243 (1970). Decisions rendered by the State Board of Tax Appeals are appealable to the state district courts and thereafter to the Kansas Supreme Court. K.S.A. § 74–2426. Any decision of the Kansas Supreme Court is subject to final review by the United States Supreme Court if federal constitutional issues are involved.

Two other possible remedies exist whereby plaintiff might have presented his allegations of illegal taxation to the Kansas courts. The first of these is K.S.A. § 60–907(a), which provides as follows:

"(a) *Illegal tax, charge or assessment.* Injunctive relief may be granted to enjoin the illegal levy of any tax, charge or assessment, the collection thereof, or any proceeding to enforce the same."

It appears that plaintiff could possibly proceed in the Kansas courts through § 60–907(a). Mobil Oil Corporation v. McHenry, 200 Kan. 211 (Syl. 10), 436 P.2d 982 (1968); Schulenberg v. City of Reading, 196 Kan. 43, 410 P.2d 324 (1966). The Kansas Supreme Court has held that the "limited scope of our jurisdiction in matters of assessment is the same, whether relief is sought by way of injunction under K.S.A. § 60–907(a) or under the tax protest statute (K.S.A. § 79–2005)." McManaman v. Board of County Commissioners, supra, 205 Kan. at p. 123, 468 P.2d at p. 247. The other remedy is that of an original action in the Kansas Supreme Court by way of mandamus. Kansas Constitution, Article 3, § 3. If plaintiff is determined to have an injury or interest specific and peculiar to himself, such as being "singled out" in each of the counties for different treatment than other taxpayers receive, the remedy of mandamus and other extraordinary remedies are availa-

ble to him. Mobil Oil Corporation v. McHenry, supra, at Syl. 17.

Plaintiff's contention that such confusion exists between the statute enacted by the Kansas Legislature and subsequent court decisions of the Kansas Supreme Court so as to make such remedies uncertain and inadequate is without merit. As we read them, the decisions referred to are not in conflict, are seemingly very clear in their holdings, and articulate the differences and similarities of tax relief remedies under K.S.A. 60–907 and § 79–2005, as well as pointing out the administrative functions in ad valorem taxation of the county assessing officials and the state director of property valuation, and who are proper parties in a legal cause of action against either. In Panhandle Eastern Pipe Line Co. v. Herren, 207 Kan. 400, 485 P.2d 156 (1971), the Kansas Supreme Court held "the remedy provided for paying taxes under protest (K.S.A. § 79–2005) is not an exclusive remedy. It remains available when other proceedings are pending between the parties, or when other proceedings are possible." In Panhandle Eastern Pipe Line Co. v. Dwyer, 207 Kan. 417, 485 P.2d 149 (1971), the Kansas Supreme Court reviewed the decision of the State Board of Tax Appeals and held that "unless there has been fraud, corruption or conduct so oppressive, arbitrary or capricious as to amount to fraud in the assessment, the courts cannot interfere." We note in passing that this is an almost identical standard for determination of one of the bases for invoking Fourteenth Amendment relief in a federal court. The *Herren* court held that an aggrieved party had various methods available for presenting the protested tax to the courts, while the *Dwyer* decision was limited to the scope or standard of judicial review afforded a State Board of Tax Appeals decision.

All taxes paid under protest are refundable to the protesting taxpayer in the event that his claims asserted against the taxation be held meritorious. K.S.A. § 79–2005. The amended § 79–2005 alters the method of refunding to issuing interest bearing no-fund warrants in the event that funds paid under protest are expended by county officials for necessary county functions. We find it unnecessary to pass on its validity in this case.

It is therefore ordered that defendants' motion to dismiss be, and the same is hereby, sustained.