No. 46,257

PANHANDLE EASTERN PIPE LINE COMPANY, a Corporation, *Appellant,* v. RONALD F. DWYER, Director of Property Valuation of The State of Kansas; STATE BOARD OF TAX APPEALS OF KANSAS and STATE BOARD OF EQUALIZATION OF KANSAS; and CHARLES B. JOSEPH, RALPH McCARTY, EUGENE E. LEE, and WILLIAM D. ANDERSON, JR., the Members of The State Board of Tax Appeals of Kansas and The State Board of Equalization of Kansas, and JOHN E. ROYSTON, Attorney and Secretary of The State Board of Tax Appeals of Kansas and The State Board of Equalization of Kansas, *Appellees.*

(491 P. 2d 961)

Opinion on rehearing filed December 11, 1971.

(For original opinion, see *Panhandle Eastern Pipe Line Co. v. Dwyer,* 207 Kan. 417, 485 P. 2d 149.)

*John S. Seeber,* of Adams, Jones, Robinson and Manka, of Wichita, argued the cause, and *C. A. Conoley,* of Kansas City, Missouri, was with him on the appellant's brief on rehearing.

*Clarence J. Malone,* chief attorney for the Property Valuation Department, argued the cause, and *John L. Bingham,* attorney for the Property Valuation Department, was with him on the appellees' brief on rehearing.

*C. Maxwell Logan* and *James K. Logan,* of Payne and Jones, Chartered, of Olathe; and *James Butler* and *Frank Saunders, Jr.,* of Wallace, Saunders, Austin, Allen, Brown and Enochs, of Overland Park, filed a brief on behalf of the Taxpayer's Association of Johnson County, Kansas, *amicus curiae.*

The opinion of the court was delivered by

FOTH, C.: Appellant's motion for rehearing was granted in order to permit the court to consider the issues raised in this case in the broader context of those presented by several other pending cases involving the ad valorem taxation of state-assessed utilities. After careful reconsideration of the record, the arguments and the briefs, the court is convinced its initial decision was correct. The original opinion is therefore affirmed.

APPROVED BY THE COURT.

O'CONNOR, J., participated in the decision of this case and approved the foregoing opinion on rehearing prior to his resignation.

PRAGER, J., took no part in the consideration or decision of this case.

SCHROEDER, J., concurring: After reconsideration of this case in the broader context of other ad valorem tax cases involving state assessed utilities pending before the court, I now join in the majority decision written for the court. (See *Panhandle Eastern Pipe Line Co. v. Herren,* 207 Kan. 400, 485 P. 2d 156; *Panhandle Eastern Pipe Line Co. v. Dwyer,* 207 Kan. 417, 485 P. 2d 149; *Northern Natural Gas Co. v. Williams,* 208 Kan. 407, 493 P. 2d 568; *Northern Natural Gas Co. v. Bender,* 208 Kan. 135, 490 P. 2d 399; and *Northern Natural Gas Co. v. Dwyer,* 208 Kan. 337, 492 P. 2d 147.)

My reasons briefly stated follow:

When this case was originally decided the court expressed an opinion that it was the Director's order which was subject to review where appeal had been perfected to the district court pursuant to K. S. A. 1970 Supp. 74-2426. (See *Panhandle Eastern Pipe Line Co. v. Herren,* supra, at p. 404.) The opinion on this point has since been modified. (*Panhandle Eastern Pipe Line Co. v. Herren,* 208 Kan. 119, 490 P. 2d 416.)

It is now established that an appeal pursuant to 74-2426, *supra,* authorizing an appeal from an order of the State Board of Tax Appeals to the district court, presents the limited issue as to whether the *order of the Board* appealed from is "unreasonable, arbitrary or capricious." Whether the State Board of Tax Appeals determines a matter of property valuation before it as an appeal board or as a board of equalization, it functions independently of the Director of Property Valuation in matters of administrative judgment and decision. (*Northern Natural Gas Co. v. Dwyer,* supra.)

Under these circumstances statements that may be regarded as admissions by the Director are not binding on the Board. Thus, what was construed as an admission by the Director—that Federal Power Commission regulation of the utility constituted economic obsolescence—was an erroneous premise used to support my dissent. There is no economic obsolescence by reason of F. P. C. regulation of Panhandle Eastern Pipe Line Company as demonstrated in *Northern Natural Gas Co. v. Dwyer,* supra, where the growth of Panhandle has been similar to the growth of Northern.

The capitalization rate of 5% used by the Director in this case involving Panhandle Eastern Pipe Line Company was not satisfactorily explained by the evidence in the record. It appeared

when the decision was originally written that the selection of a 5% capitalization rate was purely arbitrary. Reconsideration of this case in the context of other ad valorem tax cases pending before the court discloses a valid basis for the capitalization rate used by the Department of Property Valuation and considered by the Board in making its determination. (See *Northern Natural Gas Co. v. Dwyer*, supra.)

It is impossible for me to agree, however, with the consideration given by the court to the issue involving the official sales ratio study for state assessed utility property. On this point my views are briefly expressed in my concurring opinion in *Northern Natural Gas Co. v. Dwyer*, supra.

FATZER, C. J., dissenting: Time does not permit a lengthy discussion of the reasons why the original opinion in *Panhandle Eastern Pipe Line Co. v. Dwyer*, 207 Kan. 417, 485 P. 2d 149, was erroneous. As the court's opinion indicates, a rehearing was granted to consider the issues in this case in the context of issues and the records in other cases involving the 1969 ad valorem assessment of state-assessed natural gas pipe line utilities—particularly *Northern Natural Gas Company v. Dwyer*, infra, and related cases, and the rehearing in *Panhandle Eastern Pipe Line Co. v. Herren*, 207 Kan. 400, 485 P. 2d 156.

The order of the Board of Tax Appeals sustaining the Director of Property Valuation's 1969 state-wide assessment of Panhandle, and denying that utility's appeal therefrom, was entered August 20, 1969, which was the same day the Board entered its order sustaining the Director's 1969 state-wide assessment of Northern Natural Gas Company and denying that utility's appeal to the Board. The language of the Board's order in *Panhandle* is identical with the language of the Board's order in *Northern*, except for the name of the utility and the first two paragraphs in the Northern order which contain recitals of its interstate character, and that it is regulated for rate purposes by the Federal Power Commission and the State Corporation Commission.

It may be said that as a legal matter, both orders are identical and are wholly insufficient to comply with the mandatory provisions of K. S. A. 1969 Supp. 74-2426, requiring the Board *to make findings of fact upon which it based its determination.* Moreover, the mandatory requirements of K. S. A. 79-503 were completely

ignored. The record in *Northern* discloses without dispute, that the 1969 ad valorem assessments of Panhandle and Northern were based upon a directive of the Director of Property Valuation to value or assess those utilities at 30 per cent of non-depreciated original cost. My dissenting opinion in *Northern Natural Gas Co. v. Dwyer* [No. 46,450], 208 Kan. 337, 492 P. 2d 147, is adopted as the dissenting opinion in this case.

KAUL, J. (dissenting): I adhere to my dissent filed with the original opinion in this case. (*Panhandle Eastern Pipe Line Co. v. Dwyer*, 207 Kan. 417, 424, 485 P. 2d 149.) However, in view of the court's decision in *Northern Natural Gas Co. v. Dwyer*, 208 Kan. 337, 492 P. 2d 147, in which I have joined, an explanation appears to be appropriate. My dissent herein is based on the premise that the record discloses the Director of Property Valuation, by his own admissions, ignored the mandate of K. S. A. 79-503 and on the further ground that the Director's choice of 5% capitalization rate was not supported by any explanation or logical reasoning, thus compelling the conclusion that it was arbitrary. Even though the State Board of Tax Appeals is said to function independently of the Director in the matters of administrative judgment and decision, its rulings in the instant case are not supported by the evidence and in fact are contrary thereto.

While the central issues in the instant case are essentially the same as those framed in *Northern Natural Gas Co. v. Dwyer*, supra, the records in the two cases reveal marked differences in the evidence produced and in the findings of the respective trial courts. In particular the admissions of the Director and his expert which showed a disregard of 79-503 in the *Panhandle* case do not appear in the *Northern* record, and the Director's choice of 5.5% rate in capitalizing the net income of *Northern* has a basis in the record as carefully pointed out by the trial court in its Finding No. 4, whereas in *Panhandle* the 5% rate was an arbitrary choice with no basis established nor any explanation given.

In short, the issue to be determined on judicial review is whether the order of the *Board* is shown to be "unreasonable, arbitrary or capricious"; the respective records in the two cases show that the burden was sustained in *Panhandle* but not in *Northern*.