No. 46,153

Kansas Telephone Company, a corporation, *Appellant*, v. Pauline Herren, Treasurer, Reno County, Kansas; Ronald F. Dwyer, Director of Property Valuation; Mark L. Youngers, County Clerk; Victor Kellogg, County Assessor; Mildred Baughman, John D. Sutton and Jack Maloney, Board of County Commissioners; County School Foundations: H. C. J. C.; City of Abbyville; City of Arlington; City of Langdon; City of Partridge; City of Plevna; City of Pretty Prairie; City of Sylvia; Albion Twp.; Arlington Township; Bell Township; Castelton Township; Center Township; Enterprise Township; Grove Township; Hayes Township; North Hayes Township; Huntsville Township; Langdon Township; Lincoln Township; Little River Township; Loda Township; Medford Township; Miami Township; Ninnescah Township; Plevna Township; Reno Township; Roscoe Township; Salt Creek Township; Sylvia Township; Troy Township; Walnut Township; Westminster Township; U. S. D. 308; U. S. D. 309; U. S. D. 310; U. S. D. 311; U. S. D. 312; U. S. D. 313; U. S. D. 376; U. S. D. 401; D. S. D. #1; D. S. D. Jt. 24; D. S. D. 33C; D. S. D. R-4; D. S. D. Jt. R-5; D. S. D. R-16; D. S. D. Jt. 1 RICE; R. H. S. 2; R. H. S. Jt. 6; R. H. S. Jt. 10 or Jt. 10 HID; R. H. S. Jt. 12; R. H. S. Jt. 14; R. H. S. Jt. 6 RI B12; F. D. No. 2; F. D. No. 3; F. D. No. 4; F. D. No. 6; F. D. No. 7; F. D. Jt. 1 Ki-RN; F. D. Jt. 1 RC-RN; Goose Creek Watershed; Lerado Cemetery; Jt. Cemetery (Stafford); South Central Library System; and the *successors in office of any of the above named individuals*, *Appellees*.

(495 P. 2d 990)

Opinion filed April 8, 1972.

*Thomas E. Gleason,* of Ottawa, was on the brief for the appellant.

*Vern Miller,* Attorney General, *Matthew J. Dowd,* Assistant Attorney General, *Clarence J. Malone,* Acting Director of Property Valuation, *John L. Bingham,* Property Valuation Department, and *Raymond F. Berkley,* County Attorney, were on the brief for the appellees.

*Per curiam:* This is an action to recover taxes paid under protest authorized by the provisions of K. S. A. 79-2005. The appellant Kansas Telephone Company is a public utility corporation owning property in 40 counties in the state, including Reno and Johnson Counties. Its tangible property is valued and assessed by the state

director of property valuation as required by K. S. A. 79-1404, *Fifteenth*. The state director apportions the total assessed value to each of the counties in which appellant's property is located. The 1969 assessment of appellant's property was appealed to the Board of Tax Appeals which assessment was affirmed August 20, 1969. Appellant then perfected an appeal pursuant to K. S. A. 1970 Supp. 74-2426 to the district court of Johnson County challenging the validity of the statewide assessment. That appeal was pending in December 1969 when appellant paid its first half taxes in Reno County under protest and filed the present action under K. S. A. 79-2005.

Appellee, Ronald F. Dwyer, Director of Property Valuation, filed three motions in the district court to dismiss the action on the ground of lack of jurisdiction of the district court to maintain the action and on the ground that he was not an indispensable, necessary or proper party defendant, and on the further ground that appellant failed to notify the State of Kansas of the payment of its taxes under protest. The district court on its own motion dismissed the action for the reason that Johnson County jurisdiction under K. S. A. 74-2426 having attached prior to the filing of the Reno County protest action Johnson County district court was a more convenient forum in which to decide the issues than the Reno County district court. The district court at the same time sustained all of the motions of appellee, Ronald F. Dwyer, as described above.

Appellant's first contention on this appeal is that the district court erred in dismissing the action on the theory that Johnson County jurisdiction under K. S. A. 74-2426, having attached prior to the filing of the Reno County protest, Johnson County district court was a more convenient forum in which to decide the issues than was this protest action filed in the Reno County district court. This same question was presented in *Panhandle Eastern Pipe Line Co. v. Herren*, 207 Kan. 400, 485 P. 2d 156. In that case the facts were substantially identical to those of the case at bar and it was held error to dismiss the action under the doctrine of *forum non conveniens*. That decision controls the determination of the same issue in this case.

Appellant's next contention on this appeal is that the trial court erred in sustaining the motion of appellant Ronald F. Dwyer, Director of Property Valuation, to dismiss the action on the grounds of lack of jurisdiction of the district court to maintain the protest

action. We agree. This point was specifically determined in *Northern Natural Gas Co. v. Bender*, 208 Kan. 135, 490 P. 2d 399. There the jurisdiction of the district court to maintain an action to recover taxes paid under protest was upheld as against local taxing officials. It was error to sustain the motion in this case.

It is next urged on this appeal that the trial court erred in sustaining the motion of the defendant Ronald F. Dwyer, Director of Property Valuation, to dismiss the action against him on the ground that he was not an indispensable, necessary or proper party defendant in the action. We find that in this respect the trial court was not in error. The same issue was raised and determined in *Northern Natural Gas Co. v. Bender*, supra, where this court adhered to the view that state taxing officials are not indispensable, necessary or proper parties in a local action to recover taxes paid under protest since they claim no beneficial interest in the taxes whose recovery is sought, nor have they any function to perform with respect to a refund.

The appellant's final point is that the trial court erred in sustaining the motion of Ronald F. Dwyer, Director of Property Valuation, to dismiss the case on the ground that the plaintiff had failed to notify the State of Kansas of the payment of its taxes under protest. We find that the court was in error in sustaining this motion. The procedure for protesting payment of taxes was governed at that time by K. S. A. 79-2005 which provided in part that "any taxpayer before protesting the payment of his taxes, shall be required, at the time of paying of said taxes, to make and file a written statement with the county treasurer clearly stating the grounds on which the whole or any part of said taxes are protested . . ." The statute further required that the taxpayer mail a copy of such protest to the governing body of the *municipality* making the levy being protested. There was nothing in the statute at that time that required the State of Kansas or any state official to be notified that a protest had been filed by the taxpayer. The only requirement was that the taxpayer "mail a copy of such protest to the governing body of the *municipality* making the levy being protested." (Emphasis supplied.) The term "municipality" refers to a political subdivision or a taxing district of the state and does not refer to the state itself; hence it was not necessary for the appellant taxpayer in the case at bar to mail a copy of the protest to the state of Kansas.

It should be noted, however, that K. S. A. 79-2005 was amended

by the legislature and that the statute (K. S. A. 1971 Supp. 79-2005) as it exists at this time requires the taxpayer to mail a copy of the protest "to the governing body of the *taxing district* making the levy being protested and to the *state controller* if any tax levied by the state is being protested." (Emphasis supplied.) We wish to emphasize that the decision in this case is based upon K. S. A. 79-2005 as it existed in 1969 when this case arose and has no application to the protest of taxes arising subsequent to the enactment and effective date of K. S. A. 1971 Supp. 79-2005.

We affirm the judgment of the trial court insofar as it holds that the state director of property valuation was not an indispensable, necessary or proper party defendant in the action. We reverse the judgment insofar as it dismissed the action for lack of jurisdiction of the court to maintain the protest action as against the local taxing officials and insofar as it dismissed the action for failure of the appellant to notify the State of Kansas of the payment of its taxes under protest. We likewise reverse the judgment of the trial court insofar as it dismissed the action on the ground of *forum non conveniens.* Costs of this appeal are taxed one-half to appellant and one-half to appellee, the director of property valuation.