No. 47,243

CHARLES B. JOSEPH; RALPH MCCARTY; EUGENE E. LEE; HOWARD F. LAWRENCE and RUDOLPH E. STEPHEN, Board of Tax Appeals of State of Kansas, *Appellants*, v. A. A. MCNEIVE; TOM COOPER and GERALD BERAN, County Commissioners of Barton County; MRS. LEEDY MYERS, County Treasurer of Barton County, *Appellees.*

(524 P. 2d 765)

Opinion filed July 17, 1974.

*H. D. Oelschlaeger,* staff attorney, of Topeka, argued the cause, and *Gary A. Savaiano,* chief attorney, of Topeka, was with him on the brief for appellants.

*John M, Russell,* county attorney, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

FATZER, C. J.: At issue in this appeal is whether the State Board of Tax Appeals may be sued.

This action stems from a tax protest filed by 366 residents of Barton County, Kansas, who protested their 1971 ad valorem tax assessments. The protestants made application for a hearing before the State Board of Tax Appeals pursuant to K. S. A. 79-2005. Hearings were held by the Board in the city of Great Bend, Kansas, in March 1972. On May 15, 1972, the Board issued a general order in which it directed the county clerk-assessor to recompute the tax liability of all protestants in accordance with the reduced property valuations specified in the general order, and further directed the county treasurer to refund any excess taxes paid.

On June 20, 1972, the county commissioners, the county clerk, and the county treasurer filed an action in the district court of Barton County against the State Board of Tax Appeals to enjoin enforce-

ment of the Board's general order. The district court overruled the Board's motion to dismiss which was based upon K. S. A. 74-2433.

Treating the matter as an interlocutory appeal (K. S. A. 60-2102 [*b*]) because the legal question presented is of statewide interest, we reverse the case with directions to dismiss the action.

The entire matter of taxation is legislative and does not exist apart from statute. (*Board of County Commissioners v. Brookover,* 198 Kan. 70, 422 P. 2d 906.) The Legislature is empowered to provide the means and agencies for carrying out its responsibility in matters of taxation. In 1959 the Legislature amended the statute creating the State Board of Tax Appeals. (L. 1959, Ch. 317, § 2.) That amendment which now appears as a part of K. S. A. 74-2433 reads as follows:

"The state board of tax appeals shall have no capacity or power to sue or be sued."

While the appellees, the county officials of Barton County, acknowledge the statutory provisions denying the Board the capacity to sue or be sued, it is their contention that under the authority of this court's decision in *Builders, Inc. v. Board of County Commissioners,* 191 Kan. 379, 381 P. 2d 527, an injunctive action may be maintained against the Board.

To hold that an independent action may be maintained directly against the State Board of Tax Appeals would render a nullity the legislative prohibition against such action. By statute the State Board of Tax Appeals has no capacity or power to sue or be sued. (*Panhandle Eastern Pipe Line Co. v. Herren,* 207 Kan. 400, 485 P. 2d 156, *rehearing denied* 208 Kan. 119, 490 P. 2d 416; *Cities Service Oil Co. v. Kronewitter,* 199 Kan. 228, 428 P. 2d 804.) Accordingly, our holding in *Builders, Inc.* no longer represents the law of this state as to the amenability of the State Board of Tax Appeals to suit.

It follows the district court was without jurisdiction to adjudicate the controversy as an original action. Such being the case, this court is without jurisdiction to hear this appeal. (*In re Waterman,* 212 Kan. 826, 833, 512 P. 2d 466; *Thompson v. Amis,* 208 Kan. 658, 662, 493 P. 2d 1259; *Walkemeyer v. Stevens County Oil & Gas Co.,* 205 Kan. 486, 493, 470 P. 2d 730.) Accordingly, the case is remanded to the district court with directions to dismiss the action.