No. 46,275

L. N. LAMBERTZ, *Appellant* v. ABILENE FLOUR MILLS COMPANY, INC., et al., *Appellees.*

(495 P. 2d 914)

Opinion filed April 8, 1972.

*Vincent L. Bogart*, of Bogart, Turner, Kirk & Poe, of Wichita, argued the cause, and *Albert J. Kirk*, of the same firm, was with him on the brief for the appellant.

*James G. Winn*, of Winn, Bogan & Johnson, of Abilene, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is an interlocutory appeal from an order of the district court sustaining a motion to transfer the venue of the action from Sedgwick County to Dickinson County, Kansas. The parties have prepared an agreed statement of facts which sets forth most of the essential facts for determination of this appeal. The agreed statement discloses that several years ago the appellant Lambertz as a licensed real estate broker sold a building in Wichita to Business Investment, Inc., a wholly owned subsidiary of Abilene Flour Mills Co., Inc., one of the appellees. The buyer, Business Investment, Inc., was unable to secure sufficient cash to pay Lambertz his real estate commission. An agreement was reached by which an indenture bond in the amount of $55,000 with interest was given by Business Investment, Inc., to Lambertz. Business Investment, Inc., defaulted and Lambertz obtained a judgment against it in the amount of $56,684.38 plus interest in the district court of Sedgwick County. The date of the judgment was Novem-

ber 10, 1969. The petition in the case at bar alleges that some time prior to the judgment Business Investment, Inc., transferred certain of its assets worth $330,000 to the appellee Abilene Flour Mills. The petition further alleges that thereafter Abilene Flour Mills transferred certain of its assets worth $220,000 to the appellee Central Soya of Abilene, Inc. It is then alleged that the majority and controlling stockholders in each of the corporate appellees, Abilene Flour Mills and Central Soya of Abilene, Inc., were essentially the same. The appellant Lambertz filed this action against Abilene Flour Mills Co., Inc., and Central Soya of Abilene, Inc., and also against certain individual stockholders of whom seven are residents of Dickinson County and four are nonresidents of the state of Kansas. The petition alleges that although the precise nature of the dealings between the defendants is not known, plaintiff has reason to believe, and does believe and alleges, that all of the defendants realized a pecuniary gain from the transfers of assets heretofore referred. It is claimed that these transfers constituted an illegal and fraudulent preference of creditors to the detriment of plaintiff. It is further alleged that because of these illegal acts neither Business Investment, Inc. nor defendant Abilene Flour Mills is able to pay the indebtedness owed to Lambertz on the judgment. It is further alleged that the illegal fraudulent preferences occurred at the time when Business Investment, Inc. was indebted to plaintiff in the amount of $55,000 plus interest and that this indebtedness was known by all of the defendants. The petition further states that the defendants are liable jointly and severally to the plaintiff Lambertz in the amount of $56,684.38. Petitioner prays for judgment against all the defendants jointly and severally in the amount of $56,684.38 plus interest or in the alternative for the setting aside of the transfer of assets referred to heretofore. At this point it should be noted that there are thirteen named defendants in the lawsuit. Seven of the defendants are individuals who are residents of Dickinson County, Kansas. The two corporate defendants, Abilene Flour Mills Co., Inc., and Central Soya of Abilene, Inc., have their resident agents in Dickinson County. Four of the named individual defendants are nonresidents of the state of Kansas of whom three reside in Missouri and one is a resident of California.

The record does not disclose the nature of the service of process upon any of the defendants in the action. However, at oral argument the court was advised that all nonresident defendants were

served personally out of state. The defendants filed a motion to dismiss plaintiff's petition on the theory that the proper venue of the action was in Dickinson County not Sedgwick County. The defendants subsequently amended their motion to make it a Motion to Transfer Venue to Dickinson County.

It was the contention of the defendants that the case should be transferred from Sedgwick to Dickinson County for several reasons: None of the defendants were transacting business in Sedgwick County at the time the plaintiff filed his petition; none of the defendants have any property or debts in Sedgwick County; and none of the transactions complained of by the plaintiff occurred in Sedgwick County. On September 25, 1970, the motion to transfer venue to Dickinson County was heard by the district court of Sedgwick County. There is nothing in the record to show that any evidence was presented in support of the motion. Following arguments of counsel the court sustained the motion transferring the action to Dickinson County. The record does not disclose the reason for the court's action. At oral argument we were advised that the trial court concluded it would be more convenient to proceed with the case in Dickinson County. The plaintiff Lambertz filed a timely appeal contending that the trial court erred in refusing to permit plaintiff to proceed with his action in Sedgwick County.

The statutes pertaining to venue should first be noted. K. S. A. 1971 Supp. 60-603 pertaining to actions against residents declares:

"An action against a resident of this state, other than an action for which venue is otherwise specifically prescribed by law may be brought in the county,

"(1) in which the defendant resides, or

"(2) in which the plaintiff resides if the defendant is served therein, or

"(3) in which the cause of action arose, or

"(4) in which the defendant has a place of business or of employment if he is served therein, or . . ."

K. S. A. 1971 Supp. 60-604 is concerned with actions against corporations and states as follows:

"An action against a domestic corporation, or against a foreign corporation which is qualified to do business in this state, . . . may be brought in the county,

"(1) in which its registered office is located, or

"(2) in which the cause of action arose, or

"(3) in which the defendant is transacting business at the time of the filing of the petition, . . ."

K. S. A. 1971 Supp. 60-605 pertains to actions against nonresidents and nonqualified corporations. It provides:

"An action against a nonresident of this state, . . . may be brought in the county,

"(1) in which the plaintiff resides, . . .

"(2) in which the defendant is served, or

"(3) in which the cause of action arose, or

"(4) in which the defendant is transacting business at the time of the filing of the petition, or

"(5) in which there is property of the defendant, or debts owing to the defendant . . ."

Where there are multiple defendants in a lawsuit, the plaintiff is given an election as to the county where the action may be brought. This is governed by K. S. A. 60-608 which declares in part as follows:

". . . If there are several defendants properly joined, venue of the action may be determined at the election of the plaintiff as to any one of the defendants against whom a substantial claim exists. If, before trial of an action on the merits is commenced, a party with reference to whom venue was determined ceases to be a party and venue would no longer be proper as to the remaining parties, on the application of any remaining party promptly made, the cause shall be transferred to a county of proper venue. If there is more than one such county, the transfer shall be to a county selected by the plaintiff."

It is clear from K. S. A. 60-608 that in any action where there are multiple parties it is the plaintiff who has the discretion in selecting venue. If a proper venue as to any party defendant is a particular county, then the plaintiff has the right under the statute to select that county as the venue of his action against all defendants if he so desires. The only qualification is that there must be a *substantial claim* existing against that particular defendant before the other defendants may be brought in to litigate in a county over their objections.

The decisions in Kansas emphasize the fact that venue should not be transferred to another county unless there is some compelling reason for doing so. For example in *Gray v. Crockett,* 35 Kan. 66, 10 Pac. 452, Chief Justice Horton makes this statement in regard to change of a venue:

"A judge ought not to transfer a case upon a mere suggestion, or even upon an affidavit stating conclusions only; and no change of venue should be granted except for cause, true in fact and sufficient in law, and all of this should be made to clearly appear to the court; . . ." (p. 71.)

The doctrine of *forum non conveniens* was recognized by this court in *State of Oklahoma, ex rel., v. H. D. Lee Co.,* 174 Kan. 114, 254 P. 2d 291 and in *Panhandle Eastern Pipe Line Co. v. Herren,*

207 Kan. 400, 485 P. 2d 156. In the latter case this court pointed out that the discretionary power to decline jurisdiction under the doctrine of *forum non conveniens* should be exercised only under exceptional circumstances. Generally it is for a plaintiff to choose the place of trial. Before the doctrine can be applied there should be an adequate showing that the exercise of jurisdiction would be seriously inappropriate.

It is also the rule in Kansas that the burden of proof on a motion to transfer or change the venue is upon the movant. *(City of Emporia v. Volmer,* 12 Kan. 633; *Gray v. Crockett,* supra.) This, of course, is logical because improper venue is an affirmative defense which must be specifically raised by defendant and which may be waived if it is not asserted by a timely motion. (K. S. A. 60-610.) In the case at bar the appellant contends that Sedgwick County furnishes a proper venue of the action for two reasons. First, it is contended by appellant that four of the defendants were non-residents of Kansas. Appellant is referring to defendants, Lesta Lou Truby, Margaret Youngblood and Mary Carr, all of whom are residents of Missouri and to T. W. Welsh who is a resident of California. The place of residence of each of these four defendants is undisputed. Under K. S. A. 1971 Supp. 60-605, an action against a nonresident of this state may be brought in the county in which the plaintiff resides. In the case at bar the appellant Lambertz' residence is Sedgwick County. Hence an action against the four nonresident defendants may be brought there. The only limitation is that there must be a *substantial claim* existing in favor of Lambertz against one of the four nonresident defendants. The petition alleges generally that all defendants realized a pecuniary gain from the illegal and fraudulent transfer of assets and that the defendants are liable jointly and severally. There is no evidence in the record to the contrary. The trial court simply entered an order transferring the venue from Sedgwick County to Dickinson County without requiring the parties to establish an evidentiary record from which this specific issue could be determined.

The second basis for fixing the venue of the action in Sedgwick County asserted by the appellant Lambertz is that the cause of action against all of the defendants, including the four-nonresident defendants, arose in Sedgwick County. In this regard K. S. A. 1971 Supp. 60-603 provides that an action against a resident of Kansas may be brought in the county in which the cause of action arose.

Again it is clear that the trial court in sustaining the motion to transfer venue solely on the basis of the petition of plaintiff and the motion to transfer venue, denied to the appellant the opportunity to present evidence tending to establish that the cause of action arose in Sedgwick County.

What we are saying is simply this. The trial court acted prematurely in sustaining the motion to transfer the venue from Sedgwick County to Dickinson County. At the time the order was entered there was no evidentiary record on the basis of which the trial court could have determined the proper venue of the action. The proper procedure was for the trial court to require the defendants to furnish evidence justifying their position that there was no substantial claim existing in favor of the plaintiff and against the nonresident defendants and further that if any cause of action existed, it did not arise in Sedgwick County. Following this appellant Lambertz should have been afforded an opportunity to present his evidence to establish appellant's position on the disputed issues of fact. From the evidence presented the trial court could then have decided whether or not a proper venue of the action existed in Sedgwick County. If it so found then the case could have been retained in Sedgwick County for determination there. If the trial court did not so find from the evidence the case could then have been tranferred to Dickinson County where admittedly a proper venue exists.

For the reasons set forth above the judgment of the trial court transferring the action from Sedgwick County to Dickinson County is reversed and the district court is directed to proceed with the case in Sedgwick County in a manner not inconsistent with this opinion.