No. 52,467

Robert A. Quillin, *Appellee,* v. Hesston Corporation, *Appellant.*

(640 P.2d 1195)

Opinion filed February 27, 1982.

*Michael W. Manners,* of Paden, Welch, Martin, Albano & Graeff, P.C., of Independence, Missouri, and *Daniel J. Sevart,* of Render & Kamas, of Wichita, argued the cause, and *Robert J. Graeff,* of Paden, Welch, Martin, Albano & Graeff, P.C., of Independence, Missouri, was with them on the brief for appellee.

*Keith Martin,* of Payne & Jones, Chartered, of Olathe, argued the cause, and *Larry E. Sanford,* of Hesston, and *William E. Westerbeke,* of Lawrence, were with him on the brief for appellant.

The opinion of the court was delivered by

McFarland, J.: This is a products liability action brought by plaintiff, Robert A. Quillin, seeking recovery for injuries received while operating a hay baler. Defendant, Hesston Corporation, was the manufacturer of the machine. The jury returned a substantial verdict in favor of plaintiff and defendant appeals therefrom.

Numerous issues are raised on appeal. We shall first consider the issue challenging the trial court's jurisdiction herein. The issue is extremely narrow, but is so fused to certain factual and procedural occurrences, that we deem it appropriate to summarize the factual background before stating the issue itself.

Plaintiff, at all times relevant, has been a resident of Jasper County, Missouri. In May 1975, plaintiff purchased a used hay baler at a Missouri farm auction. The baler was a Hesston Model

5600, manufactured and sold new in 1974. Defendant is a Kansas corporation whose principal place of business is located in Harvey County. On June 7, 1976, while operating the machine, plaintiff suffered severe injury to his arm when it became entangled in the baler's compression rollers.

Following abortive efforts to maintain actions in the courts of two large Missouri urban areas, this action was filed in the district court of Johnson County, Kansas, where defendant maintained an office.

The defendant filed a motion to dismiss based on the doctrine of *forum non conveniens.* The court applied the doctrine, declined jurisdiction, but transferred the action to the district court of Sedgwick County instead of entering an order of dismissal. Defendant filed a motion to dismiss with the Sedgwick District Court which was denied.

With this background, we turn to the issue to be determined. Defendant contends that when the Johnson County District Court declined to exercise its jurisdiction under the doctrine of *forum non conveniens,* the court could lawfully only have dismissed the action. The defendant then reasons that the Sedgwick County District Court did not acquire jurisdiction from the putative transfer and, accordingly, the subsequent judgment is invalid.

At this point, one preliminary matter must be determined. Plaintiff argues that this issue is not properly before this court by virtue of defendant's failure to raise the point before the district court of Sedgwick County (hereinafter referred to as the "trial court"). The motion to dismiss broadly alleged the trial court lacked both jurisdiction and venue. While it is certainly true that the memorandum defendant filed in support of this motion to dismiss sought dismissal on grounds of improper venue and inconvenient forum, it is clear from reading the trial court's memorandum opinion that the propriety of the transfer of the action from Johnson County was considered by the court even though not specifically raised by the litigant.

We conclude the issue is properly before us.

It should be emphasized that the propriety of the decision to apply the doctrine of *forum non conveniens* and thereby decline jurisdiction is not an issue in this appeal nor was it an issue before the trial court. The sole alleged error relative to the

doctrine is the *transfer* of the action as opposed to the *dismissal* of the action.

This being the situation, it would be inappropriate to spend much time in this opinion discussing the history, applicability or requisites of the doctrine of *forum non conveniens.* For an excellent in-depth treatment of these areas, see *Gonzales v. Atchison, T. & S. F. Rly. Co.,* 189 Kan. 689, 371 P.2d 193 (1962). For our purposes it is sufficient to just cite the following from *Gonzales:*

"The doctrine of *forum non conveniens* is an equitable doctrine whereby the trial court may, in its discretion, decline the jurisdiction of a case under certain circumstances, even though it has proper jurisdiction over all parties and the subject matter involved." Syl. ¶ 2.

"The trial courts of this state have the inherent power to dismiss a transitory cause of action under the doctrine of *forum non conveniens,* where facts and circumstances call for its application. The doctrine is a part of the common law of the state of Kansas." Syl. ¶ 3.

"The inherent power of a trial court to dismiss a transitory cause of action under the doctrine of *forum non conveniens* is a discretionary power, which should be exercised only in exceptional circumstances, and when an adequate showing has been made that the interests of justice require a trial in a more convenient forum. There being no statutory criteria in Kansas to guide a court in the exercise of this power, the view of the United States Supreme Court expressed in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 91 L.Ed. 1055, 67 S.Ct. 839, is adopted. The place of corporate domicile, even though domestic, is a factor entitled to consideration, but does not preclude dismissal of a transitory cause of action under the doctrine of *forum non conveniens,* which resists formalization and looks to the realities that make for doing justice. In any event an action should not be dismissed under the doctrine unless an alternative forum is available to the plaintiff." Syl. ¶ 4.

A number of Kansas cases have dealt with the propriety of applying the doctrine but none deal with the question of transfer as opposed to dismissal. At first blush *Lambertz v. Abilene Flour Mills Company, Inc.,* 209 Kan. 93, 495 P.2d 914 (1972), appears tangentially to involve the issue herein but a careful reading thereof shows the transfer therein was a Chapter 60 change of venue question with mention of *forum non conveniens* being only for analogy. In fact, the parties have not referred us to, nor has our research disclosed, a single case from any jurisdiction which holds that a court in declining jurisdiction solely under the common-law doctrine of *forum non conveniens* may elect between transfer and dismissal. Any mention of transfer as a possible alternative to dismissal is conspicuously absent from all cases reviewed.

The federal courts have long recognized the doctrine of *forum non conveniens* and have repeatedly declined to exercise jurisdiction under the doctrine. The result thereof was invariably dismissal until the enactment of 28 U.S.C. § 1404 (*a*). The change resulting from the statute is discussed in the annotation following 10 A.L.R. Fed. 352 as follows:

"The essence of the common-law doctrine of forum non conveniens is that even when an action is brought in a court which has jurisdiction of the cause and of the parties and in which venue is proper, the court may decline to exercise jurisdiction and dismiss the action if another forum would be more convenient. While this doctrine has been recognized and applied in the federal courts, an important change in the application of the doctrine in federal cases has been made by 28 USC § 1404 (a), which provides: '[F]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.' The basic change, obviously, is that the remedy for forum non conveniens under the statute is a transfer to a convenient forum, whereas the remedy under the common-law doctrine is a dismissal.

"28 USC § 1404(a), however, does not purport to cover all cases brought in the federal courts, but applies only to a civil action when there is 'any other district or division where it might have been brought.' Accordingly, there are certain types of federal cases in which the statute is still not applicable, and the purpose of this annotation is to collect the cases dealing with the application of the common-law doctrine of forum non conveniens in the federal courts after § 1404(a) was enacted." 10 A.L.R. Fed. pp. 362-63.

On reflection, it is not surprising that the cases involving the common-law doctrine of *forum non conveniens* never discuss transfer as an alternative to dismissal. Certain things are inherent in any application of the doctrine: (1) The court considering the matter has jurisdiction; (2) one or more other forums are available to plaintiff; and (3) for substantial reasons the court in which the action is filed is declining to exercise its jurisdiction. If a court declines jurisdiction, it no longer has jurisdiction and must dismiss· the action.

K.S.A. 60-608, -609 and -611, each permit transfer of a case from one district court to another in certain specified situations. The matter before us does not come within any of these statutes and no statutory authority exists for the transfer herein.

The defendant herein specifically objected to proceeding in Sedgwick County at appropriate times and cannot be said to have submitted itself to the jurisdiction of the court.

We therefore conclude: (1) The Johnson County District Court was without authority to transfer the case to the trial court herein

upon application of the doctrine of *forum non conveniens;* (2) the trial court never acquired jurisdiction from the improper transfer herein and erred in overruling defendant's motion to dismiss; and, (3) accordingly, other issues raised need not be determined.

The judgment is reversed and the case is remanded to the district court of Sedgwick County with directions to dismiss the action for lack of jurisdiction.