RIVERSIDE MEDICAL CENTER *et al.*, Defendants-Appellants, *v.* EAR-
NEST HOLMAN *et al.*, Plaintiffs-Appellees.

Third District   No. 82—476

Opinion filed February 23, 1983.

BARRY, P.J., specially concurring.

Robert J. Baron, of Thomas, Wallace, Feehan, Baron, Kaplan & Bradley,
Ltd., of Joliet, for appellants Riverside Medical Center and Richard Cook.

Richard E. Quinn, of McConnell, Kennedy, Quinn & Johnston, of Peoria
(Karen J. Steele, of counsel), for appellant Milton Smit.

David R. Sinn and Mark D. Stuaan, both of Heyl, Royster, Voelker &
Allen, of Peoria (Lyle W. Allen, of counsel), for other appellants.

Gary L. Clark, of Allen, Clark & Cullinan, of Peoria, and Burton I. Wein-
stein & Associates, Ltd., of Chicago, for appellees.

JUSTICE HEIPLE delivered the opinion of the court:

This is an interlocutory appeal certified by the trial judge pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308). Venue is the sole issue.

On December 2, 1981, the plaintiffs, Earnest and Gail Holman, filed an action in Peoria County for medical malpractice. One of the corporate defendants, Kankakee Anesthesiologists, Ltd. (hereinafter KAL), was an Illinois professional corporation with its place of business in Kankakee and its registered office in Peoria. The registered office was the only factor linking the case to Peoria County. The defendants moved to transfer venue from Peoria County to Kankakee County based upon their assertion that none of the defendants were residents of Peoria County for venue purposes under a combined reading of the Business Corporation Act (Ill. Rev. Stat. 1981, ch. 32, par. 157.1 *et seq.* (hereinafter BCA)) and the Professional Service Corporation Act (Ill. Rev. Stat. 1981, ch. 32, par. 415—1 *et seq.* (hereinafter PSCA)). Alternatively, defendants moved to transfer venue from Peoria to Kankakee County on the common law doctrine of *forum non conveniens.* Defendants' motions to transfer venue were denied by the trial court.

An interlocutory appeal was then taken wherein the following question of law was certified:

"The question to be appealed is whether the fact that the registered agent of a professional corporation resides in a county other than that in which the principal place of business of the corporation is located is sufficient to allow venue to be fixed in the county where the registered agent resides and conducts his business."

We deem the question certified to be broad enough to cover the question of venue upon consideration of both the statutory venue provisions and the common law doctrine of *forum non conveniens.*

Section 5 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 5) provides that for venue purposes, a private corporation is a resident of any county in which it has its registered office or other office or is doing business. According to the articles of incorporation of KAL, its initial registered office is in Peoria and it does business in Kankakee. The defendants argued, however, that under the special circumstances of this case, the registered office of KAL in Peoria could not be used to establish venue in Peoria. The trial court disagreed with KAL and denied their motion to transfer venue to Kankakee County.

In order to fully comprehend defendants' argument, it is first nec-

essary to review the relevant statutes. Section 11 of the BCA requires that every corporation continuously maintain in this State a registered office which may be, but need not be the same as its place of business. (Ill. Rev. Stat. 1981, ch. 32, par. 157.11.) To satisfy this requirement, KAL maintained a registered office in Peoria. However, Section 12 of a different act, the PSCA, forbids a professional service corporation from opening or maintaining an establishment for the purposes for which a corporation may be maintained under the PSCA without a certificate of registration. (Ill. Rev. Stat. 1981, ch. 32, par. 415—12.) Section 4 of the PSCA further provides that in the event of any inconsistency or conflict between the PSCA and the BCA or other statute, the PSCA shall take precedence. Ill. Rev. Stat. 1981, ch. 32, par. 415—4.

The essence of the defendants' argument is that since KAL is a professional service corporation, it can have no registered office under the BCA without first complying with the registration requirements of the PSCA. Since the PSCA takes precedence over the BCA in the event of a conflict, and since KAL's registered office in Peoria does not comply with the PSCA, defendants argue that the Peoria office may not be considered a registered office for purposes of venue. The efficacy of this argument depends upon whether there is indeed a conflict or inconsistency between the relevant provisions of the PSCA and the BCA. We do not find any such inconsistency.

■■ Our conclusion is premised upon the fact that section 11 of the BCA and section 12 of the PSCA do not regulate the same matters. The only offices which need to comply with section 12 are *those maintained for the purpose of providing professional services*. The first sentence of section 12 says as much. No one can seriously contend that KAL's registered office in Peoria is maintained for any of the purposes for which KAL is organized under the PSCA. Therefore, the Peoria registered office need not comply with the provisions of the PSCA and may exist separately under section 11 of the BCA.

The defendants alternatively argue that even though Peoria County may be a permissible venue under the statute, venue should nonetheless be transferred under the common law doctrine of *forum non conveniens*. This doctrine is a part of the common law of Illinois provided it has not been regulated by statute or rule of court. The plaintiff argues that the Illinois legislature has enacted a comprehensive statutory framework dealing with the issue of venue and transfer of venue, thereby preempting that area of the common law dealing with venue. We disagree.

The Civil Practice Act provides for transfer of venue only when

an action is filed in the wrong venue. (Ill. Rev. Stat. 1981, ch. 110, par. 7.) However, the Act provides no remedy where venue is *prima facie* correct, but needlessly oppressive to the defendant. This is precisely the type of situation in which *forum non conveniens* relief would be most appropriate. The doctrine acts as an independent judicial check on the abuses that may result from a technically correct application of general venue statutes. The fact that the legislature has remained silent on this problem does not indicate to us an intent to repudiate the doctrine. Instead, we believe that the lack of a statutory solution to the problem justifies the existence of a common-law solution such as *forum non conveniens*. Notwithstanding the fact that there are no statutory restrictions on the doctrine, the plaintiff argues that Illinois courts have so regulated the doctrine as to make it inapplicable to the instant case. After reviewing the decisions on this subject, we agree.

Common law England first recognized the doctrine of *forum non conveniens* as a means of reconciling two competing policies in the law. One policy was to provide a plaintiff with a choice of forums to insure that he would have some place to pursue his remedy. The other policy was to prevent a plaintiff from choosing a forum in order to gain a strategic advantage by setting venue in a place most inconvenient to the defendant even though the plaintiff is somewhat inconvenienced himself. To remedy this abuse, courts were permitted to decline jurisdiction when there existed an alternate forum which could more appropriately and conveniently try the case. The doctrine could never be invoked where the action was initially filed in the wrong venue. (*Holmes v. Wainright* (K.B. 1803), 3 East 329, 102 Eng. Rep. 624.) Modern England still follows this practice. In the United States, the doctrine is followed in Federal court and in most State jurisdictions but is often subject to certain restrictions.

The essential elements of *forum non conveniens* as practiced in the United States are best set out in *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843. There the court recognized that a plaintiff is entitled to his day in court, and that some degree of inconvenience to the defendant may be necessary to the plaintiff's right to pursue his remedy. It is implicit that before a court will consider a *forum non conveniens* argument, there be available another venue in which the plaintiff could have filed his action which is fair to both the plaintiff and the defendant. The doctrine may not be used to deprive a plaintiff of a forum. Therefore, a court should weigh the relative advantages and disadvantages of the competing venues by balancing the legitimate needs of the plaintiff

against the burden placed on the defendant. Where the chosen venue places an unreasonable burden upon the defendant in terms of expense, travel time and other practical considerations, with no appreciable benefit to the plaintiff, the court may, in its discretion, decline jurisdiction and dismiss the case. At common law, the doctrine of *forum non conveniens* only allowed a court to decline jurisdiction. Logically, if a court no longer had jurisdiction over the case, then it had no power to transfer it to a more appropriate venue. The only alternative was dismissal. This harsh result has been eliminated by statute in Federal court and at least 16 States. (See Annot., 74 A.L.R.2d 16 (1960).) Those jurisdictions have statutes which permit a defendant to make a motion to transfer venue for the convenience of parties and witnesses or in the interest of justice. This is the statutory equivalent of *forum non conveniens*. Only two States that we are aware of, Oklahoma and Kansas, use the doctrine as it existed at common law without any restriction or statutory modification. (See *Gulf Oil Co. v. Woodson* (Okla. 1972), 505 P.2d 484; *Quillin v. Hesston Corp.* (1982), 230 Kan. 591, 640 P.2d 1195.) This State follows none of the above practices.

In Illinois. the doctrine of *forum non conveniens* has been applied only to those cases in which the cause of action arose in another State. Such a limitation was unknown at common law. This type of case most commonly arises under the broad jurisdictional grant of the Federal Employers Liability Act (45 U.S.C. secs. 52, 59 (1976)) (hereinafter FELA). Section 56 of the FELA states that the jurisdiction of the United States courts shall be concurrent with that of the several States. An action under the FELA can be brought in the district where the defendant resides, where the cause of action arose, or where the defendant was doing business. However, this section was subject to abuse by plaintiffs who would select a forum in which the cause of action did not arise for the purpose of harassing the defendant. Often the only connection with the chosen forum was the corporate presence of the defendant while the cause of action occurred hundreds of miles away. Although such a choice of forum was permitted by statute, it placed an unfair burden on the defendant and was a terribly inefficient use of judicial resources. This problem went unresolved for many years because the United State Supreme Court would not permit State courts to decline jurisdiction over these cases. But gradually, through a series of decisions culminating in *Missouri ex rel. Southern R.R. Co. v. Mayfield* (1950), 340 U.S. 1, 95 L. Ed. 3, 71 S. Ct. 1, the Supreme Court held that although a State court may not refuse jurisdiction in such a case solely because the court might be in-

convenienced by applying provisions of Federal law which did not comport with State policy, a State court should be free to apply *forum non conveniens* if the doctrine was recognized in the jurisdiction.

Illinois first applied *forum non conveniens* to an FELA case in *Cotton v. Louisville & Nashville R.R. Co.* (1958), 14 Ill. 2d 144. There, the plaintiff brought suit in East St. Louis, Illinois, against his employer for injuries sustained in Kentucky where the plaintiff was domiciled. Venue was set in East St. Louis because the defendant operated a railroad switchyard there and was licensed to do business in Illinois. The chosen forum was 358 miles from the place of the injury. All of the witnesses, treating physicians and the plaintiff himself were residents of Kentucky or nearby Ohio towns. The defendant was amenable to process in Kentucky and Ohio in both State and Federal court. This was precisely the type of abuse that *forum non conveniens* was designed to alleviate. But the trial court denied the defendant's motion to dismiss based on *forum non conveniens*, and the appellate court affirmed. The supreme court recognized that the doctrine was available to enable Illinois courts to decline jurisdiction over an action arising beyond the State's boundaries, but required the defendant to demonstrate that the plaintiff's choice of forum was made solely to vex or harass the defendant. Since the defendant failed to prove this crucial point, the lower courts were affirmed. This latter requirement has since been repudiated.

In *People ex rel. Chesapeake & Ohio R.R. Co. v. Donovan* (1964), 30 Ill. 2d 178, the supreme court correctly pointed out that a plaintiff's motivation in choosing a forum would be extremely difficult to prove and could effectively sterilize the doctrine of *forum non conveniens* since this requisite subjective frame of mind would seldom exist. The court further stated that the doctrine was not primarily concerned with the subjective state of mind of a litigant, nor was it designed to punish a litigant for improper motivation in choosing a forum. But even though the requirement of improper motivation has been abandoned, the decision in *Cotton* has made one lasting contribution to the law of *forum non conveniens*. Illinois courts have interpreted that decision to mean that the doctrine does not apply to actions arising within this State. (See *Emerton v. Canal Barge Co.* (1966), 70 Ill. App. 2d 49.) This limited version of the doctrine, which was developed in the context of FELA actions, now applies to all cases where the doctrine is in issue.

The most recent supreme court pronouncement on the subject is *Horn v. Rincker* (1981), 84 Ill. 2d 139. In *Horn* three separate actions arising from the same occurrence were pending simultaneously in

three separate venues. Essentially the same parties, facts and legal issues existed in each case. The trial court denied the defendant's motion to consolidate the cases in one county. On appeal, the supreme court, pursuant to its constitutional supervisory powers, made an intercircuit consolidation of the cases. In doing so, the court was guided by the underlying principles of *forum non conveniens*. While at first glance it may appear that the court was sanctioning an intrastate application of the doctrine, closer scrutiny discloses that there is no support for such a conclusion.

In *Horn,* the consolidation order was primarily based upon the supreme court's constitutional supervisory powers. (Ill. Const. 1970, art. VI, sec. 16.) The doctrine of *forum non conveniens* played only a secondary role in helping the court to articulate its reasons for consolidating the cases. In addition, the court specifically pointed out that they were not considering a motion to dismiss based on *forum non conveniens* and that such a motion may not have been proper. (84 Ill. 2d 139, 150.) The court also noted that regardless of the need for consolidating the cases, no circuit court had the power to order it. (84 Ill. 2d 139, 148.) For these reasons, we cannot escape the conclusions that *Horn* simply follows established precedent and does nothing to extend application of *forum non conveniens* to actions arising in this State.

Despite the number of cases which distinguish between interstate and intrastate actions in applying the doctrine, none of those cases provide a rationale for the distinction. Nor do we see any good reason to limit the doctrine to out-of-State actions. Such a distinction is illogical and pointless. If a plaintiff files an action in a technically proper forum which is needlessly oppressive to the defendant, the same problem exists regardless of where the cause of action arose. That problem exists in the present case. But due to an arbitrary distinction in the law, there is no remedy.

The plaintiffs are suing for medical malpractice. The alleged malpractice occurred at the Riverside Medical Center in Kankakee, Illinois. All of the physicians involved in this case, save one, live in Kankakee, and that one has no connection with Peoria. All of the witnesses and sources of proof are located in Kankakee. The plaintiffs themselves are residents of Kankakee. Yet the plaintiffs filed their suit 120 miles away in Peoria County where KAL lists a registered office.

In short, we believe that the trial should be had in Kankakee County where the action arose. Venue in Peoria County is convenient to no one. There is no justification for the additional cost and inconvenience which is certain to result from a trial in Peoria. The plain-

tiffs are forum-shopping here at the defendants' expense. That practice should not be tolerated.

■■ Were it within our perceived power, we would grant the defendants' motion to dismiss based on *forum non conveniens* or, alternatively, transfer the cause to Kankakee County. Such a solution would be manifestly just and reasonable. But regardless of the need for such relief in the present case, none is available until and unless either our supreme court recognizes intrastate use of *forum non conveniens* by rule or decision or the legislature accomplishes the same end by statute. Lacking that, we have no choice but to reluctantly affirm the trial court.

Affirmed.

SCOTT, J., concurs.

PRESIDING JUSTICE BARRY, specially concurring.

I agree that the trial court order refusing to consider venue should be affirmed. However, given the facts and circumstances of this case, I do not agree with all of the reasoning nor with the stated preferences of the majority opinion.

Further, I specifically decline to join in that portion of the majority opinion which considers and discusses the doctrine of *forum non conveniens*. This is an interlocutory appeal by leave of this court pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308), and we may consider only the question of law certified to us by the trial court. In this case, the only question before us is as follows:

> "The question to be appealed is whether the fact that the registered agent of a profession corporation resides in a county other than that in which the principal place of business of the corporation is located is sufficient to allow venue to be fixed in the county where the registered agent resides and conducts his business."

In my view, the plain language of the question of law as certified does not include the issue of *forum non conveniens*, but limits us to making a statutory interpretation.

I do agree with the statutory interpretation of the majority that venue was properly found to be in Peoria County. I would also observe that any inconvenience to the owners and employees of KAL that results from trying the case in Peoria County is a difficulty of the owners' own choosing, since they elected to have a registered agent in a county other than where their principal place of business is

located. Further, I would observe that it is not inconceivable that a professional corporation will have more than one place of business, or change the place of business, or change employees or owners, in whole or in part. In any event, the location of the defendant corporation's registered agent is and was a matter totally within the owners' control.