(799 P.2d 527)
No. 65,077

STEPHENS CATTLE CO., INC., AND HOXIE FEEDERS, INC.,
*Appellants,* v. DAN HOLLINGSWORTH, *Appellee.*

Opinion filed October 26, 1990.

*John R. Eland,* of Sloan & Eland, of Hoxie, for appellants.

*H. David Starkey,* of Lowe, Starkey & Gatz, of Colby, for appellee.

Before RULON, P.J., LARSON, J., and JOHN W. BROOKENS, District Judge Retired, assigned.

RULON, J.: Stephens Cattle Co., Inc., and Hoxie Feeders, Inc., plaintiffs, appeal from the district court's dismissal, under the doctrine of forum non conveniens, of a lawsuit they instituted against Dan Hollingsworth, defendant. We conclude the district court did not abuse its discretion and affirm. The material facts are as follows:

Plaintiffs are Kansas corporations with their principal places of business in Sheridan County, Kansas. Defendant is a California resident and a partner in Hollingsworth Livestock, a California general partnership. In July of 1988, Donald R. Stephens, as agent for plaintiffs, made an oral agreement with defendant for the feeding and delivery of several head of calves. Defendant allegedly agreed to raise and deliver to the Kansas corporations, in 110 to 120 days, 160 head of calves at approximately 300 pounds each. He was to raise the calves at his feedyard in California, with Hoxie Feeders providing the feed through a California feed mill. The California feed mill was to bill Hoxie Feeders directly for this feed. Hoxie Feeders also paid for the calves, which were purchased in California. For feeding the calves, Hoxie Feeders was to pay defendant 85¢ per day per calf for the first 110 days, and thereafter 30¢ per day per calf.

In September of 1988, Donald R. Stephens, again as agent for the Kansas corporations, entered into a second oral agreement with defendant. The terms of the second agreement were identical to those of the first one. In December of 1988, Donald R. Stephens went to California to take delivery of the calves under the first contract. He could take only 70 head, as the remainder of the 160 were underweight and in generally poor condition. In January of 1989, another agent went to defendant to take delivery of the calves under the second contract. He took only 100 head, as the remainder were again underweight and in poor condition.

Plaintiffs then made demand on defendant for the purchase price of the calves they never received under the contracts. Defendant refused, alleging no agreement was ever reached on the weight of the calves at delivery. He also claims the feed delivered to him by the California mill was substandard, causing high death rates among the calves. Defendant states all the calves delivered to plaintiffs were delivered under the first contract, not some under each contract. He refused to make deliveries under the second contract when the two companies failed to pay for the feeding of the calves delivered under the first.

Plaintiffs filed an action in district court to recover the purchase price of calves never received under the contracts. The district court, after ruling it had both in rem and in personam jurisdiction of defendant, invoked the doctrine of forum non conveniens to hold the action in abeyance until further order.

## THE DOCTRINE

Plaintiffs assert that Kansas has recognized the doctrine of forum non conveniens, an equitable doctrine under which a court may refuse to exercise its jurisdiction. Furthermore, plaintiffs contend that, when our Supreme Court has considered this doctrine, it has held the doctrine should not be invoked where one of the parties is a Kansas resident and opposes its application. Specifically, plaintiffs assert that only if the Kansas resident supports application of the doctrine should a Kansas court consider applying it. On the other hand, defendant argues the trial court did not abuse its discretion in applying the doctrine to the lawsuit because, while residency of the parties is a factor Kansas courts consider in determining whether the doctrine should be invoked, it is not the sole controlling factor in Kansas.

The district court found that "[t]he contracts were made in California; the alleged breach was committed in California; the cattle were delivered to Plaintiffs in California; the breach if any occurred with the delivery of the calves to Plaintiffs' representative in California; the applicable law in the case would be California law." The district court then invoked the doctrine of forum non conveniens to hold the action in abeyance until further order.

In *Gonzales, Administrator v. Atchison, T. & S.F. Rly. Co.*, 189 Kan. 689, 695, 371 P.2d 193 (1962), the Kansas Supreme Court expressly made the doctrine of forum non conveniens part of the common law of Kansas. In this leading case on the doctrine in Kansas, the court discussed the purpose of and policy surrounding the doctrine. The doctrine allows a court to choose not to exercise the jurisdiction it otherwise properly possesses. Under the doctrine, a party may demonstrate that justice requires a trial to be held in a more convenient forum, but the court should not dismiss the action under the doctrine unless an alternative forum is available to the plaintiff. 189 Kan. at 691-96.

The *Gonzales* court adopted the factors listed in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506-11, 91 L. Ed. 1055, 67 S. Ct. 839 (1947), as those to consider in determining whether the doctrine should be invoked. 189 Kan. at 692-93, 696. These factors include accessibility to proof; availability of compulsory process for witnesses and the costs of their attendance; the opportunity to view the premises, if applicable; and " 'all other practical problems that make trial of a case easy, expeditious, and inexpensive.' " 189 Kan. at 693 (quoting *Gulf Oil Corp.*, 330 U.S. at 508). Public policy requires that a community should not be burdened with jury duty when it has no relation to the litigation. Because congestion of court dockets is common, efficiency dictates that cases be litigated at their source. 189 Kan. at 693 (quoting *Gulf Oil Corp.*, 330 U.S. at 508-09). Because exercise of the doctrine strips a plaintiff of his or her choice of forum, it should be applied only in exceptional circumstances where the factors weigh strongly in favor of the defendant. 189 Kan. at 693, 696. However, as application of the doctrine is within trial court discretion, the trial court will be reversed on appeal only when it has abused that discretion. 189 Kan. at 694.

Plaintiffs cite and discuss throughout their brief six Kansas cases which they claim support their contention that our Supreme Court applies the doctrine in cases involving a Kansas resident only when that resident supports the application.

First, plaintiffs maintain that in *Farha v. Signal Companies, Inc.*, 216 Kan. 471, 532 P.2d 1330, *modified on other grounds* 217 Kan. 43, 535 P.2d 463 (1975), our Supreme Court made "the unequivocal statement" that forum non conveniens is not applicable where one party is a resident of the state. The following is the court's entire discussion of the doctrine in *Farha*:

"Defendants next claim the trial court erred in overruling their motions to dismiss under the doctrine of *forum non conveniens*. They cite *Gonzales, Administrator v. Atchison, T. & S.F. Rly. Co.*, 189 Kan. 689, 371 P.2d 193; *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839; and *Hayes v. Chicago, R.I. & P.R. Co.*, 79 F. Supp. 821 (D. Minn. 1948), in support of their motions. Although defendants have not emphasized this point we have carefully reviewed each of these cases. They support the rule that in order to justify a reversal of a trial court's decision it must be found there has been an abuse of discretion. It has been recognized that the doctrine is not applicable where one of the parties is a resident of the state. It has also been held that the doctrine is usually applied to tort actions between nonresidents concerning a tort in another state, and is not usually applied to contract actions. (20 Am. Jur. 2d, Courts, § 172, 177, 178.) Since this is a contract action in which the several plaintiffs are residents of the State of Kansas we cannot say the trial court abused its discretion." 216 Kan. at 483.

Although the court notes that some jurisdictions have refused to apply the doctrine where one party is a resident of the state, it merely cites the plaintiffs' Kansas residency as support for its finding that the trial court did not abuse its discretion in retaining the case for trial. The *Farha* court did not state that Kansas is one of the jurisdictions refusing to apply the doctrine where a resident is a party.

Plaintiffs next argue *Gonzales*, 189 Kan. 689, essentially holds that the doctrine will not be invoked where a Kansas resident who is a party to the action opposes its application. No language in the opinion supports this contention. In *Gonzales*, the plaintiff was a Colorado resident and the defendant was a Kansas resident corporation. The corporation moved to invoke the doctrine and was sustained by the trial court; the Supreme Court upheld the trial court. The Colorado plaintiff argued that the corporation's

residency in Kansas prevented a Kansas court from invoking the doctrine. The court clearly rebutted any notion that residency of a party is a controlling factor when it stated, "The place of corporate domicile, even though domestic as in the instant case, is a factor entitled to consideration but does not preclude dismissal of a transitory cause of action under the doctrine of forum non conveniens, which resists formalization and looks to the realities that make for doing justice." 189 Kan. at 696-97.

Plaintiffs next cite *State of Oklahoma, ex rel., v. H.D. Lee Co.*, 174 Kan. 114, 254 P.2d 291 (1953), in support of their interpretation of the application of the doctrine in Kansas. In this case, the plaintiff was a nonresident, while the defendant was a Kansas corporation. The Kansas corporation sought to invoke the doctrine, but the Supreme Court rejected its application. Plaintiffs here argue this decision supports their argument that Kansas invokes the doctrine only where a Kansas resident party does not oppose its application because the Kansas corporation in *H.D. Lee* was supporting application of the doctrine, not opposing its application. The court devoted only one short paragraph to the discussion of the doctrine, which concentrated on whether the Kansas corporation was "inconvenienced" in having to defend the suit in a Kansas court. The court noted the residency status of the corporation, but only as evidence of the corporation's lack of "inconvenience" in defending the suit in Kansas. Our Supreme Court concluded the trial court did not abuse its discretion in retaining the case for trial. 174 Kan. at 118.

Next, plaintiffs cite *Quillin v. Hesston Corp.*, 230 Kan. 591, 640 P.2d 1195 (1982), as further supporting their proposition. While it is true the plaintiff in *Quillin* was a nonresident and the defendant was a Kansas corporation which successfully sought to invoke the doctrine, the issue before the court was whether one district court could transfer to another district court a case which it had decided it would not hear pursuant to the doctrine. The Supreme Court expressly stated the issue of whether the trial court should have applied the doctrine was not before it. The court held a case could not be transferred to another district court, but only dismissed under the doctrine.

The last two cases are not fully discussed, but only cited by the plaintiffs in their brief. The court in *Panhandle Eastern Pipe*

*Line Co. v. Herren,* 207 Kan. 400, 485 P.2d 156, *modified on other grounds* 208 Kan. 119, 490 P.2d 416 (1971), does discuss whether the district court's action in dismissing the case under the doctrine was proper. However, the court concentrates on whether an alternative forum existed in which the plaintiff corporation could obtain relief. No statement in the opinion was found concerning corporate residency. The corporation filed suit in Reno County against various Kansas defendants to recover taxes paid under protest to the Reno County treasurer, after it had earlier filed an action in Johnson County appealing an assessed valuation of its tangible property in Kansas. The Reno District Court dismissed the action filed there, stating that under the doctrine of forum non conveniens, Johnson District Court was the proper forum to provide relief. The Supreme Court concluded that because Johnson District Court could not give relief for the cause of action filed in Reno District Court, dismissal there under the doctrine was improper. 207 Kan. 403-05.

The last Kansas case cited by plaintiffs is *Lambertz v. Abilene Flour Mills Company, Inc.,* 209 Kan. 93, 495 P.2d 914 (1972). The issue in this case did not deal with the doctrine of forum non conveniens, but with which one of the two Kansas counties had proper venue under the venue statutes. The court did discuss the doctrine briefly, but did not rely on it for the decision. The court applied the venue statutes to decide the case and appears to have discussed the doctrine only for analogy. 209 Kan. at 95-98.

Plaintiffs summarize their discussion of these Kansas cases by stating these cases support the legal proposition that if a Kansas resident is a party to a lawsuit and opposes the application of the doctrine to that lawsuit, it will not be applied. We believe the above cases do not support plaintiffs' contention. Where the Kansas Supreme Court discussed whether the doctrine should be applied in these cases, it decided the issue in light of the factors and public policy considerations discussed in *Gonzales,* 189 Kan. at 689. Our Supreme Court has never given primary emphasis to whether one of the parties is a Kansas resident and whether that party supports or opposes the application of the doctrine.

The district court's application of the doctrine of forum non conveniens should be reversed only if this court concludes the

district court abused its discretion. *Gonzales,* 189 Kan. at 694. Here, the district court clearly found that all negotiations and actions pertaining to the two contracts occurred in California. The calves were purchased, fed, and delivered to the plaintiffs in California. The calves were fed with feed from a California mill. Any breach of the contracts occurred in California. California law is therefore the governing law of the case. Plaintiffs do not dispute these findings. They merely claim that, because defendant has litigated jurisdictional issues in Kansas courts, he would not be "inconvenienced" by trial in Kansas. Although plaintiffs may have to transport some evidence and witnesses for trial in California, we are unable to conclude that no reasonable person would have applied the doctrine of forum non conveniens in this case.

Affirmed.